**ROBACK, Plaintiff-Appellee, v. ROBACK et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22720.   Decided July 13, 1953.

William A. Weiss, Cleveland, for plaintiff-appellee.

George J. McMonagle, Anthony C. Carlin, Cleveland, for defendants-appellants.

(FESS, PJ, CONN and DEEDS, JJ, of the Sixth District, sitting by designation in the Eighth District.)

## OPINION

By DEEDS, J:

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Cuyahoga County.

The parties to this proceeding will be referred to herein as they stood in the trial court, the plaintiff-appellee, Frank Roback as plaintiff, and the defendant-appellant, Louis K. Sitko, as defendant.

The action was commenced in the court of common pleas by the plaintiff, for the partition of certain real estate owned jointly by plaintiff and a former wife, then deceased, against plaintiff's then present wife and a daughter and son-in-law, the defendant appearing as attorney for the plaintiff in the action.

It appears from the evidence, hereinafter considered more in detail, that following the performance of legal services in numerous difficulties as attorney for plaintiff, defendant, pursuant to leave of court, became a party defendant in the action and filed an answer and cross-petition alleging that the defendant was the holder and owner of a promissory note in the principal sum of $5,000.00, secured by a mortgage covering the said real property; that said note and mortgage had been duly executed and delivered by plaintiff to the defendant as payee and defendant prayed for judgment and for marshalling of liens.

To this answer and cross-petition of the defendant, the plaintiff filed a pleading denominated a reply, in which the plaintiff alleged that defendant secured the signature of plaintiff to said note and mortgage when same were in blank form and that plaintiff was induced to sign same through fraud, misrepresentation and undue influence and by reason of the fiduciary relation of attorney and client existing between plaintiff and defendant and prayed for a cancelation of said instruments.

To this pleading of the plaintiff, defendant filed a reply

alleging that the defendant had performed many legal services for the plaintiff and that said note and mortgage were executed in consideration of those services and denied all unfair dealing by defendant.

The case was tried before the court as a case in equity, following which the court of common pleas decreed that said note and mortgage were null and void by reason of fraud and undue influence having been practiced by defendant upon plaintiff and decreed that same be cancelled and held for naught; that defendant be barred from all claims; that the cross-petition be dismissed and that a decree for partition be allowed.

The review by this court is on the bill of exceptions containing the evidence, the transcript of the proceedings in the court of common pleas and the oral arguments and briefs of counsel.

The evidence discloses that during the period of time from August 5, 1948 to June 26, 1951, the defendant as the attorney for plaintiff, performed substantial legal services involving a contested action for alimony and divorce; claims against the plaintiff for damages on account of alleged assaults and batteries; claim by a daughter on account of an interest in and for the occupancy of said real property; defense of plaintiff on an indictment charging assault with a knife with intent to kill, and many domestic and personal matters, all of which services are evidenced by office memoranda kept by the defendant over said period of time, showing an aggregate of 276-¼ hours of legal services rendered by defendant on behalf of plaintiff, which memoranda marked as exhibits were received in evidence.

It further appears from the evidence offered by the defendant that on April 30, 1949, plaintiff was involved in an altercation to which reference has been made. with a stepson. a stepdaughter and her husband, at which time many knife stabs were inflicted upon said stepson and a lesser number upon the husband of the stepdaughter, with damage to the clothing of the latter, resulting in a criminal indictment charging the plaintiff with stabbing with intent to kill and claim being made by all of said persons for damages on account of said alleged assaults and batteries.

On May 3, 1949. following the release of the plaintiff from jail, plaintiff accompanied the defendant to defendant's office, where plaintiff's difficulties were discussed, which conference resulted in the dictation of an employment contract by the defendant to the office secretary of the defendant. in the presence and bearing of plaintiff, according to the testimony of defendant and said office secretary, which contract in type-

written form bearing the admitted signature of the plaintiff appears in the record as defendant's exhibit and same provided in substance for the execution by plaintiff of a promissory note in the principal sum of $5,000.00, to be secured by a mortgage covering said real estate in consideration of legal services rendered and to be rendered by the defendant in all of plaintiff's difficulties.

The testimony of the defendant, corroborated by the testimony of Margaret Janitelli, the office secretary, and attorney Orlin F. Goudy, who was also a notary public, is that plaintiff returned to defendant's office on May 4, 1949 at which time the contents of the note and mortgage were discussed by defendant with the plaintiff and that said instruments were signed by the plaintiff in the presence of defendant, the said Margaret Janitelli and attorney Goudy, and the signatures of the last two mentioned appear as witnesses to the execution of said mortgage, and said attorney also acted as the notary public to plaintiff's acknowledgment in the execution of said mortgage, both of which instruments appearing in evidence as defendant's exhibits.

The defendant and the witnesses, Margaret Janitelli and attorney Orlin F. Goudy, each testified that at the time of the signing and execution of said note and mortgage by plaintiff, said instruments were fully completed and not in blank in any particulars.

It should be noted as appearing from the evidence that on May 3, 1949, it was necessary for plaintiff to execute a promissory note in the sum of $3,000.00, required also to be signed by defendant to indemnify the surety executing the bond in a like amount in order to secure the release of the plaintiff from confinement in jail on bond, this incident being pertinent in connection with the testimony of the plaintiff who acknowledged the affixing of his signature appearing upon the contract of employment, the note and the mortgage, but denied that he knew the contents of those instruments at the time of signing same and testified that he signed the papers because he was told to do so by the defendant, or he would have to remain in jail. It was admitted by the defendant in his testimony that the plaintiff was told that unless the note was executed indemnifying the surety that he would have to be returned to jail, but denied by the defendant, and the testimony of the witnesses Margaret Janitelli and attorney Orlin F. Goudy contradict very forcibly the claim that any undue influence or misrepresentations concerning jail were brought to bear in connection with the signing of the note payable to the defendant and the mortgage securing the payment of same.

It appears further from the evidence that attorney Anthony C. Carlin represented plaintiff's wife, her daughter, son and son-in-law on account of the domestic difficulties and the claims on account of the alleged felonious assaults and that conferences were had between plaintiff, plaintiff's wife and the defendant, and attorney Carlin; that at least one of those conferences, concerning a settlement in reference to alimony and claims, attorney Carlin testified that the existence and purpose of the $5,000.00 note secured by a mortgage covering said real estate, were discussed with plaintiff, who appeared to be fully informed concerning same.

A situation is therefore presented by the record where the relation of attorney and client existed between the plaintiff and defendant and it is claimed by the client that the execution of the note and mortgage in question was brought about by the practice of fraud and undue influence by the defendant in his relation as attorney for the plaintiff.

The only evidence in support of the charges of fraud and undue influence, having been brought to bear in the transaction by the defendant, is the uncertain and indefinite testimony of the plaintiff that he did not know the contents of the papers in question and that he was told that he would have to sign same or be returned to jail.

As against this meager and indefinite testimony of the plaintiff, the defendant is corroborated in his testimony and contention that the transaction was fully known and understood by the plaintiff, by the testimony of attorney Goudy and Carlin and the office secretary, Miss Janitelli, all of whom gave clear and definite testimony to the effect that the transaction was fully understood by the plaintiff and that the execution of the instruments was free from fraud, misrepresentation and undue influence.

In addition, we have before us the instruments in regular form and the admission of the plaintiff that his signature appears upon same, together with the evidence of extensive legal services having been rendered by the defendant and plaintiff's inability to pay for same in the ordinary manner, all of which logically supports the claim of the defendant and refutes the charges of the plaintiff. It therefore appears to this court that the clear and manifest weight of the evidence is against the charges of fraud and undue influence.

The law of Ohio controlling a decision in the case has been stated in 6 O. Jur., Sec. 53, pages 605, 606:

"Since each case involving the rescission or cancellation of an instrument depends very greatly on its own facts and circumstances, the courts have not attempted to apply arbitrary or precise rules for the determination of the weight

and sufficiency of the evidence requiring or justifying such relief in any particular case. It is established that the evidence must be clear and convincing. Shauck, J., speaking on the question of the degree of proof required in the case of actions for the rescission of deeds, said: (In a decision by the Supreme Court of the State)"

" 'It is the settled policy of the state, as indicated by a uniform course of practice in its courts, and by repeated decisions of this court, that instruments of this solemn character, executed in conformity to the provisions of the deeds act, shall not be set aside or defeated of their natural purpose except upon proper allegations which are supported by evidence of a clear and convincing character. The mere preponderance of evidence, which is sufficient to determine the verdicts of juries in civil actions, is not sufficient.' "

The law applicable in this state to the case presented by the record before us has also been announced by the supreme court in syllabi of the case of **McAdams v. McAdams, Sr., 80 Oh St 232:**

"1. In an action by the grantor in a deed, to reform the instrument upon the ground that the grantee fraudulently concealed and misstated the contents of the deed to the grantor, when it appears that the grantee is a son of the grantor and an attorney at law and that such grantee was entrusted with the drafting of the instrument upon his own suggestion, such facts raise a presumption of the existence of relations of trust and confidence between the parties and put upon the grantee the burden of showing that no undue advantage was taken of the grantor in the execution of the deed.

"2. But when it also clearly appears in such case that such deed is in apparent accord with previous declarations of the grantor as to his intentions and his subsequent declarations as to what he had done and that he could read and had ample opportunity before, at and after signing the deed to read the same, the presumption of undue advantage by reason of confidential relations is rebutted and the burden rests upon the grantor to show by clear and convincing proof that the deed is fraudulent.

"3. In such case, declarations of the grantor made in the absence of the grantee, are not competent evidence to prove the alleged fraud; but statements of the grantor which tend to rebut the claim of fraud, whether made before or after the signing of the deed, are admissible."

The Supreme Court of the state again stated the principle of law applicable and reaffirmed the prior announcement of

the court in the opinion in the case of **Kroeger, Supt. v. Brady, 130 Oh St 566:**

"Ordinarily, one of full age in the possession of his faculties and able to read and write, who signs an instrument and remains acquiescent in its operative effect for some time, may not thereafter escape the consequences by urging that he did not read it or that he relied upon the representations of another as to its contents or significance. Or as Judge Davis remarks in **McAdams v. McAdams, 80 Oh St 232, 240, 88 N. E. 542, 544:**

"'A person of ordinary mind cannot be heard to say that he was misled into signing a paper which was different from what he intended, when he could have known the truth by merely looking when he signed.'"

We therefore are compelled to the conclusion that the charges of fraud and undue influence made by the plaintiff against the defendant in the execution of the instruments in question, are not supported by any evidence of a substantial character and that the manifest weight of the evidence supports the contention of the defendant that the note and mortgage were executed and delivered by the plaintiff with full knowledge of the purpose and legal effect of same and that therefore, the judgment of the court of common pleas is contrary to law and should be and is reversed and the cause will be remanded to the court of common pleas for further proceedings.

FESS, J, CONN, J, concur.