OPINION
{¶ 1} Appellant, Paul Slapnicker, d.b.a. Classic Masonry Co. ("Slapnicker"), appeals the February 28, 2003 judgment entry of the Ashtabula County Court of Common Pleas granting summary judgment in favor of appellee, Raymond Builders Supply, Inc. ("Builders Supply"). Builders Supply brought suit against Slapnicker for money owed on an account. For the following reasons, we affirm the decision of the court below.
 {¶ 2} On October 16, 2002, contemporaneous with the filing of its complaint, Builders Supply filed a combined set of interrogatories, request for production of documents, and request for admissions directed to Slapnicker. On November 15, 2002, Slapnicker, through counsel, filed a Notice of Service of Defendant's Responses to Plaintiff's Request for Admissions. The responses themselves, however, were not filed with the court.[1] Thereafter, Slapnicker's attorney withdrew as counsel and Slapnicker proceeded pro se.
 {¶ 3} On January 9, 2003, Builders Supply moved for summary judgment. In support of its motion for summary judgment, Builders Supply attached an affidavit of its president, Willard Raymond, and verified copies of the accounts. Slapnicker responded by filing a "letter" with the court that was not notarized, denying that he had ordered materials from Builders Supply. Builders Supply moved to strike this document. Slapnicker also filed various photocopied documents as "exhibits" with the court. On February 28, 2003, the trial court entered judgment denying Builders Supply's motion to strike and granting Builders Supply's motion for summary judgment. This appeal timely follows.
 {¶ 4} In his sole assignment of error, Slapnicker argues that the trial court erred in granting Builders Supply's motion for summary judgment as a genuine issue of material fact exists as to whether the alleged materials purchased by Slapnicker were ever delivered and whether the invoices submitted by Builders Supply are accurate.
 {¶ 5} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, viewed in a light most favorable to the nonmoving party, that reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. Zivich v. Mentor Soccer Club, Inc.,82 Ohio St.3d 367, 369-370, 1998-Ohio-389 (citation omitted). The moving party bears the initial burden of affirmatively demonstrating that no genuine issues of material fact remain to be litigated.Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115 (citation omitted); Celotex Corp. v. Catrett (1986), 477 U.S. 317, 323. The moving party meets this burden by submitting evidentiary materials of the type listed in Civ.R. 56(C). Dresher v. Burt,75 Ohio St.3d 280, 292-293, 1996-Ohio-107. These materials include: "the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." Civ.R. 56(C). If the moving party satisfies this initial burden, then the nonmoving party has the reciprocal burden of affirmatively demonstrating that a genuine issue of material fact does exist. Dresher,75 Ohio St.3d at 293; Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 257. As Civ.R. 56(E) states, "an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."
 {¶ 6} A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336 (citation omitted). A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision. Brown v. Scioto Cty. County Commrs. (1993),87 Ohio App.3d 704, 711.
 {¶ 7} Slapnicker argues that in order to prevail on summary judgment, Builders Supply had to establish (1) that materials were provided to Slapnicker and (2) that Slapnicker failed to pay for them. Slapnicker misconceives the nature of an action on an account.
 {¶ 8} An action on an account, although founded on contract, "exists only as to the balance that may be due one of the parties as a result of [a] series of transactions" and exists "to avoid the multiplicity of suits necessary if each transaction between the parties (or item on the account) would be construed as constituting a separate cause of action." Am. Sec. Serv., Inc.v. Baumann (1972), 32 Ohio App.2d 237, 242. In order to establish a prima facie case for money owed on an account, "[a]n account must show the name of the party charged and contain: (1) a beginning balance (zero, or a sum that can qualify as an account stated, or some other provable sum); (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items which permits the calculation of the amount claimed to be due." Gabriele v.Reagan (1988), 57 Ohio App.3d 84, 87, quoting Brown v. ColumbusStamping Mfg. Co. (1967), 9 Ohio App.2d 123, paragraph three of the syllabus. "[A]n action upon an account may be proved by introduction of business records showing the existence of the account." Wolf Automotive v. Rally Auto Parts, Inc. (1994),95 Ohio App.3d 130, 137.
 {¶ 9} We hold that the statements submitted by Builders Supply together with the affidavit of its president are adequate to satisfy its burden on summary judgment. These documents identify Slapnicker as the party charged and provide a running balance for each item sold. Moreover, each charge is specifically identified by date, invoice number, description of the materials, and price. The affidavit of Builders Supply's president states that invoices are mailed "as materials are delivered or picked up" and statements are sent monthly. The objection raised by Slapnicker, i.e., that the materials were not delivered or otherwise provided, could have constituted a defense to the action. Once Builders Supply met its initial burden, Slapnicker had to come forward with affirmative evidence that the materials had not been delivered.
 {¶ 10} Slapnicker claims that he did produce such evidence in his responses denying Builders Supply's request for admissions. We disagree. These responses were not filed with the trial court or attached to the summary judgment briefs. We have a copy of the request for admissions filed by Builders Supply. We have a notice that Responses to Plaintiff's Request for Admissions was served upon Builders Supply by Slapnicker on November 14, 2000. The actual responses, however, are absent from the record. Neither this court, nor the trial court, can consider evidence that is not part of the official record. If Slapnicker's responses were "lost" from the record, Slapnicker could have resorted to App.R. 9 to supplement the record.
 {¶ 11} Moreover, the mere denial of Builders Supply's requests for admissions would not constitute the type of affirmative evidence contemplated by Civ.R. 56(C). Civil Rule 56(C) states that "[n]o evidence or stipulation may be considered except as stated in this rule." The rule provides for "written admissions." A denial of a request for an admission is qualitatively different from an admission. Under Civ.R. 36(B), requests that are admitted by the opposing party are "conclusively established." The Civil Rules assign no probative value to requests for admissions that are denied or to which objections have been filed. Such requests have no more evidentiary value than proposed stipulations or averments in a pleading. Once Builders Supply met its initial burden, Slapnicker had the reciprocal burden of "setting forth specific facts
explaining that a genuine issue for trial exists." Jackson v.Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52
(emphasis sic) (citation omitted).
 {¶ 12} In the present case, it would have been a simple matter for Slapnicker to create a genuine issue of material fact by submitting an affidavit denying the delivery of the materials or denying the existence of a contract between himself and Builders Supply for the materials. Slapnicker simply failed to do so. Without any evidence of the type provided for by Civ.R. 56(C) before it, the trial court had no choice but to grant Builders Supply's motion for summary judgment. Slapnicker's assignment of error is overruled.
 {¶ 13} The judgment of the Ashtabula County Court of Common Pleas is affirmed.
Judgment affirmed.
Ford, P.J., and Christley, J., concur.
[1] On November 15, 2002, a Notice of Service of Defendant's Responses to Plaintiff's Request for Admissions was filed with the trial court. The responses themselves, however, were not attached thereto.