OPINION
{¶ 1} Defendant-appellant, Frederic Lax ("Lax"), appeals from the judgment of the Portage County Court of Common Pleas, granting summary judgment in favor of plaintiff-appellee, Louis Bertrand ("Bertrand"). We reverse the decision of the trial court.
 {¶ 2} The facts of the case are undisputed. On March 2, 1999, Lax retained the services of Bertrand, an attorney, pursuant to a divorce proceeding. Lax and Bertrand entered into a standard fee agreement ("the agreement"), which provided, in relevant part, that Lax was to pay Bertrand a retainer fee of $1,500.00, as a prepayment of a portion of the entire fee. After such time as services in the amount of the initial retainer amount were rendered, the agreement provided that Lax would pay Bertrand an additional fee of $150.00 per hour, as well as all other incidental costs related to the matter.
 {¶ 3} On January 31, 2000, Bertrand and Lax executed a promissory note, with Lax as the maker and Bertrand as the payee, which stated that Lax promised to pay to Bertrand or his order, the balance of $17,046.85, together with an interest rate of 8% per annum, in payments of $750.00 per month. The first payment was due on March 1, 2000, with subsequent payments due on the first of each month thereafter, until the balance was paid. The note also provided that Lax, by signing, acknowledged that the amount due on the note was "a result of attorney fees, costs and advances accumulated to date in a lawsuit styled: Frederic Lax v. Susan Lax,
Common Pleas Court, Domestic Relations Division, Summit County, Ohio Case No. 98 06 1319." (Emphasis added). According to the statement Bertrand filed in support of his motion for summary judgment, he continued to represent Lax through February 16, 2001.
 {¶ 4} On May 7, 2003, Bertrand filed a complaint, with a copy of the promissory note attached, alleging that Lax defaulted on the monthly installment payments as required by the note, and that Lax owed him the balance of $15,901.35 at 8% interest, until paid. Bertrand further alleged that he provided Lax with written notice of the debt on July 9, 2002, as required by law.
 {¶ 5} On June 17, 2003, Lax filed his answer, denying all of Bertrand's allegations, and asserting as defenses equitable estoppel, lack of consideration, full or partial payment, and alleged that he was not in default of the promissory note.
 {¶ 6} On February 18, 2004, Bertrand moved for summary judgment, pursuant to Civ.R. 56. Attached to his motion for summary judgment, Bertrand included a sworn affidavit which stated, in relevant part, that Lax entered into a promissory note on January 31, 2000, to liquidate the debt incurred for legal services rendered pursuant to his divorce proceeding, and that no payment has been made on the note since February 6, 2003. Bertrand also attached to the affidavit, and incorporated by reference, "accurate current records" in the form of a billing statement dated February 5, 2004, which showed a balance due on Lax's account of $14,475.35.
 {¶ 7} On March 9, 2004, Lax filed his brief in opposition to Bertrand's motion for summary judgment. In his brief, Lax generally contested the balance due, claiming that Bertrand had failed to show that the underlying charges billed were, "fair, reasonable and necessary."
 {¶ 8} On April 5, 2004, Bertrand filed a reply memorandum to Lax's brief in opposition, stating that Lax did not, by affidavit or otherwise, set forth any specific facts showing there was a genuine issue for trial, pursuant to Civ.R. 56(E).
 {¶ 9} On April 7, 2004, the trial court granted summary judgment in favor of Bertrand, finding specifically in its judgment entry that, "this was not a fee dispute action, although the debt underlying the promissory note is for payment of attorney's fees." The trial court further concluded that "the evidence in support of Plaintiff's motion for summary judgment, which was not rebutted by Defendant, conclusively establishes that Defendant owes Plaintiff the sum of $14,475.35 plus interest from March 31, 2000."
 {¶ 10} Lax timely appealed from the trial court's decision asserting the following two assignments of error:
 {¶ 11} "[1.] The trial court erred in granting summary judgment to Louis R. Bertrand because genuine issues of material fact existed in regard to the reasonableness, fairness, and necessity of the attorney fees in question.
 {¶ 12} "[2.] The trial court's application of contract law was erroneous because of the underlying requirement to prove reasonableness, fairness, and necessity of the attorney fees in question."
 {¶ 13} The standard applied by an appellate court in reviewing a lower court's decision to grant summary judgment is de novo, as it only involves questions of law. Landmark Ins. Co. v. Cincinnati Ins. Co., 11th Dist. No. 2000-P-0093, 2001-Ohio-4311, at ¶ 9, citing Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105. "Summary judgment is proper when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion form summary judgment is made." Civ.R. 56(C); Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66.
 {¶ 14} "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher v. Burt, 75 Ohio St.3d 280, 293,1996-Ohio-107. "When a motion for summary judgment is made and supported * * * an adverse party may not rest upon * * * the party's pleadings, but the party's response, by affidavit or * * * otherwise * * * must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). (Emphasis added). In reviewing a motion for summary judgment, the court must construe the evidence in the light most favorable to the nonmoving party. Doe v. Shaffer, 90 Ohio St.3d 388, 390,2000-Ohio-186.
 {¶ 15} For the purposes of judicial economy, we will discuss Lax's assignments of error out of order.
 {¶ 16} In his second assignment of error, Lax argues that the trial court erred by allowing contract law to "trump" the underlying requirement of DR 2-106(A), which creates in an attorney a "duty" to establish the fairness and reasonableness of his fees. Specifically, he asserts that the promissory note is merely a collection tool and as such, does not excuse Bertrand, as an attorney, from his obligation to introduce evidence showing that the fees charged in the underlying account were fair and reasonable. We disagree.
 {¶ 17} A promissory note is one of a class of negotiable instruments defined in R.C. 1303.03(E)(1). As such, it is governed by Sections 1303.01, et. seq. of the Ohio Revised Code. A negotiable instrument is defined as "an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order." R.C. 1303.03(A) (emphasis added).
 {¶ 18} According to R.C. 1303.36(B), "a plaintiff producing the instrument is entitled to payment if the plaintiff proves entitlement to enforce the instrument under Section 1303.31 of the Revised Code, unless the defendant proves a defense or claim in recoupment." All a plaintiff need show to recover on a promissory note is a (1) valid signature of the party to be obligated, (2) consideration for the note, and (3) a failure of the maker to establish a valid defense to the note. Schlup v.Intermark Int'l. Inc. (Apr. 12, 1989), 9th Dist. No. 13900, 1989 Ohio App. LEXIS 1306, at *3-*4.
 {¶ 19} A promissory note is considered a contract as a matter of law.Ceroni v. Suffield United Church of Christ, 11th Dist. No. 2002-P-0103, 2003-Ohio-5707, at ¶ 25. Thus, it is subject to all contract defenses. Clients may execute valid promissory notes in favor of an attorney for the payment legal fees, if supported by valid consideration. See Mancinov. Friedman (1980), 69 Ohio App.2d 30; Talikka v. Namey (Aug. 9, 1996), 11th Dist. No. 95-A-0066, 1996 Ohio App. LEXIS 3347; Morgan v.Dye (Dec. 10, 1998), 10th Dist. No. 98AP-414 1998 Ohio App. LEXIS 5945;Roback v. Roback (1953), 97 Ohio App. 415 (promissory note secured by mortgage in consideration for legal services rendered was permissible where there was no evidence of fraud or undue influence in the execution of the instruments).
 {¶ 20} It is well-settled that a note given as security for an antecedent debt is sufficient consideration to establish a valid obligation under a promissory note. Dolce v. Lawrence (Sep. 30, 1999), 11th Dist. No. 98-L-080, 1999 Ohio App. LEXIS 4650, at *15; Sur-Gro PlantFood Co, Inc. v. Morgan (1985), 29 Ohio App.3d 124, at paragraph two of the syllabus. In the instant case, there was valid consideration to support the note, as the terms of the note itself state that the balance due on the note was, "a result of attorney fees, costs and advances accumulated to date in a lawsuit styled: Frederic Lax v. Susan Lax * * *." (Emphasis added). In opposing Bertrand's motion for summary judgment, Lax does not raise, by means of affidavit or otherwise, any cognizable defenses to the note. Lax never claims that he did not sign the note; that his signature on the note was procured through fraud or undue influence; or that there was a failure of consideration. Furthermore, in order to prevail on a claim for a promissory note for the payment of legal services, an attorney need not "prove the reasonableness of the legal fees underlying the note." Morgan, 1998 Ohio App. LEXIS 5945 at *9. The cases cited by the dissent are distinguishable from Morgan and the case sub judice, in that the amounts provided for attorney's fees in the respective notes, were ancillary to the consideration supporting the respective notes, and were related to services that were yet to be rendered, and would only be rendered in the event the obligor defaulted. Thus, the nature and extent of the attorney services contemplated at the time those notes were executed were purely speculative. Finally, it is well-established that an action under a promissory note is a separate and distinct cause of action from an action to recover on the original consideration on which the note was based, even if both arise from the same transaction. Dick v. Hyer (1916), 94 Ohio St. 351, at paragraph one of the syllabus. To allow Lax now to disclaim his obligation under a validly executed note under the guise of proof of reasonableness of the underlying account on which the note is based fails to appreciate this distinction. Lax's legal argument in his second assignment of error is without merit.
 {¶ 21} In his first assignment of error, Lax argues that the trial court erred in granting summary judgment in favor of Bertrand, because of the underlying requirement to prove reasonableness, fairness and necessity of the attorney fees in question. Relying primarily on the holding of Jacobs v. Holston (1980), 70 Ohio App.2d 55, 59-60, Lax argues that summary judgment on the issue of fees is improper, since pursuant to DR 2-106, an attorney trying to recover fees has the burden of proving that (1) the time used was fair and proper, and (2) the number of work hours devoted to the client's case was reasonable. Lax maintains that Bertrand's affidavit in support of his motion for summary judgment failed to establish reasonableness as to the extent of his fees prior to collection. We agree, to the extent that Bertrand is attempting to collect on an account.
 {¶ 22} Viewing the evidence in the light most favorable to Lax, the statement Bertrand submitted in support of his motion for summary judgment shows charges incurred from March 2, 1999 through February 16,2001. Thus, on the face of the statement, any charges accumulated after
January 31, 2000, the date the promissory note was executed, could not have been charges incurred under the note. Bertrand clearly sought to recover, at least in part, on the underlying account. Actions to recover attorney fees are actions on an account. See, Climaco, Seminatore,Delligatti Hollenbaugh v. Carter (1995), 100 Ohio App.3d 313, 320. Subsequent to the date the promissory note was executed, Bertrand billed Lax an additional $4,593.00 in hourly charges and $68.00 in expenses, for a total of $4,661.00.
 {¶ 23} Courts in Ohio have uniformly held, with respect to hourly fee arrangements for attorney services that after the fiduciary relationship is established, the attorney bears the burden of establishing the fairness and reasonableness of his fees. Jacobs, 70 Ohio App.2d at 59;Stafford Associates v. Skinner (Oct. 31, 1996), 8th Dist. No. 68597, 1996 Ohio App. LEXIS 4803, at *18-*19 ("if the attorney and client agree on the attorney's hourly rate and a retaining fee, but not on the number of hours to be expended, the attorney carries the burden in an action for attorney fees of proving that he fairly and properly used the expended time, and moreover, that the fees are reasonable and fair.") Moreover, "an attorney must submit evidential material tending to show the reasonableness of his fee in order to be granted summary judgment."Wilson v. Lynch Lynch Co., L.P.A. (1994), 99 Ohio App. 3d 760, 769.
 {¶ 24} The Disciplinary Rules provide mandatory guidelines by which all attorneys must comply. Jacobs, 70 Ohio App.2d 55, 59. Under DR 2-106, the following factors are to be considered in determining the reasonableness of a fee: (1) time and labor involved in the matter, novelty of issues raised, and necessary skill to pursue a case; (2) customary fees in the locality for similar legal services; (3) results obtained, and; (4) experience, reputation and ability of counsel.Climaco, 100 Ohio App.3d at 324; Day, Ketterer, Raley, Wright andRybolt, Ltd. v. Hamrick, 5th Dist. No. 2002CA0043, 2002-Ohio-5433, at ¶ 23.
 {¶ 25} This court has held that an action on an account, which is also founded on contract, "exists to avoid the multiplicity of suits necessary if each action between the parties * * * would be construed as constituting a separate cause of action." Raymond Builders Supply, Inc.v. Slapnicker, 11th Dist. No. 2003-A-0040, 2004-Ohio-1437, at ¶ 8 (citation omitted). "In order to establish a prima facie case for money owed on an account, `an account must show the name of the party charged and contain: (1) a beginning balance (zero, or a sum that can qualify as an account stated, or some other provable sum); (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items which permits the calculation of the amount claimed to be due.'" Id. (citation omitted).
 {¶ 26} The account statement submitted by Bertrand contains Lax's name, a reference to the matter for which he was being billed, and a list of charges incurred, by date, with a description of each individual task, and how much time was spent. It also contained a summary of payments made by date and netted the charges against the total balance due on the account, resulting in a balance due of $14,475.35. However, this amount, as we mentioned before, is partially a balance due on the note, and partially a balance due on the account. Therefore, Bertrand failed to satisfy the third factor for collection on a regular account.
 {¶ 27} Additionally, Bertrand provided absolutely no evidence, in the form of an affidavit or otherwise, showing that the fees he charged were either reasonable or customary for where he practiced, nor did he provide any information with respect to the results obtained, or whether the hours were necessary given the issues raised, as required by DR 2-106.
 {¶ 28} Finally, Bertrand's billing statement, incorporated by reference and certified as "accurate" in his affidavit, while it contained itemized billing, only established the hours spent on the matter. This court has held, with respect to determining the value of legal services, that "[a] simple multiplication of hours by a minimum hourly fee is not by itself a proper method to determine such charges."Roux v. Lonardo (Aug. 30, 1991), 11th Dist. No. 89-T-4302, 1991 Ohio App. LEXIS 4125, at *8 (citation omitted). Since Bertrand failed, as a matter of law, to establish a prima facie case to collect on the account, Lax's second assignment of error has merit.
 {¶ 29} Were this the end of the analysis, we would conclude that Bertrand would only have to prove the reasonableness of the $4,661.00 in charges incurred from February 1, 2000 through February 16, 2001, the last date Bertrand performed services for Lax. However, since the note was due and payable in installments, of $750 per month until paid and the note did not contain an acceleration clause, the statement, without additional evidence, is also insufficient to prove the balance due on the note on the date the case was filed. See Elworthy-Helwick Co. v. Hess
(1918), 9 Ohio App. 200 (holding that when a promissory note is made payable in installments, the promise to pay each installment operates, in legal effect, as a separate note in itself.)
 {¶ 30} A detailed review of the billing statement also reveals that for the period from March 2, 1999 through January 31, 2000, the date of the execution of the note, hourly billings were $23,245.00 and total expenses billed for the same period were $10,232.35, resulting in total billings of $33,477.35. Total payments, for this period were $17,500. Thus, the face value on the note on the date the note was executed, as calculated using the billing statement, should have been $15,977.35. We cannot determine from the statement, as submitted, exactly how Bertrand determined the face value of $17,046.85, nor can we determine from the statement which of Lax's payments, were applied against any outstanding note balance or which were applied against any outstanding account balance. We, therefore, hold that Bertrand failed, as a matter of law, to adduce sufficient evidence in his motion for summary judgment, which would allow him to recover on the promissory note.
 {¶ 31} On remand, Bertrand may only recover on the note those amounts which he can demonstrate are past due and unpaid as of the date the suit was filed. The remainder must be recovered on the account. In the alternative, Bertrand may seek the entire balance due and unpaid on the account, if he can provide evidence which tends to show that the fees were reasonable and proper.
 {¶ 32} For the foregoing reasons, we reverse the judgment of the Portage County Court of Common Pleas and remand the case for proceedings consistent with this opinion.
Cynthia Westcott Rice, J., concurs.
Ford, P.J., concurs in judgment only in part, dissents in part with a Concurring/Dissenting Opinion.