{¶ 18} I concur with the result reached by the majority, but write separately as I disagree with the majority's reasoning.
 {¶ 19} The majority relies upon the proposition that in his own pro se affidavit opposing Citibank's summary judgment motion, Mr. Lesnick fails to dispute the existence of the account, or that the amount stated is owed, but rather attacks the evidentiary foundation of Citibank's summary judgment materials as insufficient to prove a contract between that institution and himself. This is a hyper-technical reading of Civ.R. 56. I think a plain reading of the affidavit shows that Mr. Lesnick disputes whether a contract existed, and whether he used the credit card as alleged.
 {¶ 20} Prior precedent of this district, cited by the majority, supports this position. In Raymond Builders Supply,Inc. v. Slapnicker, 11th Dist. No. 2003-A-0040, 2004-Ohio-1437, appellant purchaser appealed from a grant of summary judgment to appellee supplier, in a case involving an account for builder's supplies. Appellant's position was that the supplies purchased had not actually been delivered to him. Id at ¶ 9. This court noted that this could have been a valid defense if the appellant had opposed the affidavit and invoices filed by appellee in support of its motion with proper Civ.R. 56 materials. Id. Specifically, this court stated: "* * * it would have been a simple matter for Slapnicker to create a genuine issue of material fact by submitting an affidavit denying the delivery of the materials or denying the existence of a contract between himself and Builders Supply for the materials. Slapnicker simply failed to do so." Id. at ¶ 12.
 {¶ 21} A fair reading of the Lesnick affidavit indicates that it is sufficient to create a genuine issue of material fact regarding the existence of a contract and whether he used the credit card as alleged. The crux of this case is not the Lesnick affidavit, it is the materials submitted by Citibank in support of its motion. The statements submitted by Citibank clearly show that Mr. Lesnick did make substantial payments upon the account and did not attack the validity of the amounts stated therein (until the commencement of the collection proceedings). This seems sufficient to me to establish the validity of the account, as stated, under the applicable law — and Mr. Lesnick presented no competent evidentiary materials in opposition.
 {¶ 22} Accordingly, I concur.