DECISION AND JUDGMENT ENTRY
{¶ 1} Vernon G. Jenkins, pro se, appeals the judgment of the Vinton County Court, Small Claims Division, in favor of Rebecca Sparks, regarding an alleged account. On appeal, Jenkins contends, inter alia, that the trial court erred when it failed to order Sparks to pay for his land survey and other costs. Because Jenkins alleged a claim based on an account in his complaint, and because an account is founded in contract, we disagree because Jenkins admits that no agreement to pay existed. Accordingly, we overrule Jenkins' assignments of error and affirm the judgment of the trial court.
 I. {¶ 2} This case arose out of an unresolved property line dispute between Jenkins and Sparks. Sparks obtained a survey showing that the property line should be 28 feet over on land that Jenkins claimed was his. Jenkins told Sparks that if she made him survey his land, then she would have to pay for the survey. Eventually, Jenkins, on *Page 2 
his own, had his land surveyed; the survey corroborated where he thought the property line should be. He claimed his surveyor was right, and Sparks' surveyor was wrong.
 {¶ 3} Jenkins demanded that Sparks pay for his survey. She refused. Jenkins claims that his attorney told him to pursue the matter on his own in small claims court.
 {¶ 4} Jenkins filed a complaint in small claims court. He stated his claim as an "ACCOUNT" with a "STATEMENT" as an attached exhibit. The exhibit itemized various costs totaling $1,784 (survey = $1,540; attorney fees = $150; recording fee = $44; and small claims filing fee = $50).
 {¶ 5} At the small claims hearing, Jenkins told the court the above facts. He admitted that Sparks never agreed to pay for his survey. However, he (along with his wife) told the court that he told Sparks that she would have to pay for the survey. He continued to maintain that there should be no property line dispute because his surveyor was right and Sparks' surveyor was wrong. The court explained to Jenkins that the small claims court does not have jurisdiction over property line disputes.
 {¶ 6} At the end of the hearing, the court made a finding that there was no basis for the claim in contract or otherwise. He then dismissed the complaint with prejudice.
 {¶ 7} Jenkins appeals and asserts the following three assignments of error: I. "THE TRIAL COURT ERRED TO THE PREJUDICE [OF] PLAINTIFF IN RULING ON THE CAUSE AND NOT THE ISSUE BEFORE THE COURT[.]" II. "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF IN RULING THIS CASE A PROPERTY LINE DISPUTE." And, III. "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF IN DISMISSING THIS CASE WITH PREJUDICE." *Page 3 
 II. {¶ 8} We first acknowledge that it is hard to figure out exactly what Jenkins is arguing. The crux of his three assignments of error appears to be that there should not be a property line dispute between him and Sparks because his surveyor is right. Therefore, he concludes that Sparks owes him damages.
 {¶ 9} Jenkins' small claims complaint contains just one claim. It is based on an account. "It is well-settled that a claim on account is founded in contract." Cline v. Writsel, Pickaway App. No. 06CA25,2007-Ohio-2720, ¶ 6, citing Asset Acceptance Corp. v. Proctor,156 Ohio App.3d 60, 2004-Ohio-623, ¶ 12; Gray Printing Co. v. Blushing Brides,L.L.C., Franklin App. No. 05AP-646, 2006-Ohio-1656, ¶ 21; Bertrand v.Lax, Portage App. No. 2004-P-0035, 2005-Ohio-3261, ¶ 25. "Without a contract, however, there can be no breach of contract and no recovery on an account." Id.
 {¶ 10} Here, we find that no contract exists. In fact, Jenkins admits that Sparks did not agree to pay for his survey. He just thinks that she should.
 {¶ 11} Accordingly, we overrule all three of Jenkins' assignments of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 4 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellant shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Court, Small Claims Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion.
 Harsha, J.: Dissents. *Page 1