JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Julie Luft Signer, appeals the trial court's decision, which granted a default judgment against her. After a thorough review of the arguments and for reasons set forth below, we affirm.
 {¶ 2} The events that gave rise to the present action began in August 2002. Between the months of August and October 2002, the law firm of Rotatori, Bender, Gragel, Stoper, Alexander, L.P.A. ("appellee") provided legal services to the appellant in the total amount of $30,325.07. When the appellant failed to pay for those services, the appellee filed a complaint to collect the debt. After a series of continuances and appellant's failure to appear, a default judgment in the amount of $30,325.07 was awarded to the appellee.
 {¶ 3} The appellee filed its complaint against the appellant for collection of attorney's fees on August 13, 2003. In response, the appellant filed a motion to dismiss on January 30, 2004. Appellee filed a brief in opposition on February 12, 2004. On April 23, 2004, the appellant filed a motion for a continuance. The court granted the appellant's motion and continued the pretrial until June 15, 2004. On July 20, 2004, the appellant filed another motion to continue; however, the trial court denied this request.
 {¶ 4} On August, 26, 2004, the appellee filed a motion for default judgment. Upon receipt of the motion, the trial court scheduled a default hearing for November 8, 2004. The appellant failed to appear at the default hearing, which resulted in judgment in favor of the appellee. On February 15, 2005, the appellant filed a motion to vacate the judgment against her; on February 28, 2005, the appellee filed a brief in opposition.
 {¶ 5} The hearing regarding appellant's motion to vacate judgment was scheduled for March 29, 2005; however, although the hearing concerned the appellant's own motion, she failed to appear. On March 30, 2005, the court issued an order rescheduling the hearing to April 28, 2005. The trial court's order specifically provided that failure to appear would result in denial of the appellant's motion to vacate. The appellant's lead counsel appeared at the April 28, 2005, hearing; however, the appellant was not in attendance. Because the appellant failed to appear at her own hearing for the second time, the trial court denied her motion to vacate the default judgment. On May 31, 2005, the appellant filed the present appeal, asserting one assignment of error for our review.
 {¶ 6} "The court of common pleas erred in failing to vacate the default judgment entered November 19, 2004."
 {¶ 7} The appellant argues that the trial court erred when it denied her motion to vacate. More specifically, she asserts that she was unable to attend the default hearing because she was given insufficient notice and only became aware of the judgment against her when her wages were garnished.
 {¶ 8} The standard of review for an appellate court addressing a motion to vacate a default judgment is abuse of discretion. Doddridge v. Fitzpatric (1978), 53 Ohio St.2d 9, 12,371 N.E.2d 214. To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 50 OBR 481, 450 N.E.2d 1140.
 {¶ 9} "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." State v. Jenkins (1984),15 Ohio St.3d 164, 222, quoting Spalding v. Spalding (1959),355 Mich. 382, 384-385. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Id.
 {¶ 10} In her motion to vacate, the appellant argued that her failure to appear was excusable neglect pursuant to Civ.R. 60(B) because she received insufficient notice. We do not agree. Rule 60(B) provides in pertinent part:
 {¶ 11} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect."
 {¶ 12} The record reflects that the appellant was properly served with notice of the appellee's motion for default judgment, as well as notice of the default hearing, in accordance with Civ.R. 55(A), which governs proper notice with respect to default judgments and provides:
 {¶ 13} "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court * * * if the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior on such application."
 {¶ 14} The appellee was in complete compliance with Civ.R. 55(A) when it provided notice of the default hearing to the appellant. The appellant was served with the appellee's motion for default judgment on August 25, 2004. She also received two letters from the appellee, via certified mail and ordinary mail, notifying her that the default hearing was scheduled for November 8, 2004. The letters were mailed to the appellant more than seven days prior to the default hearing, as required by Civ.R. 55(A), and were signed for by the appellant's agent. It is clear that the appellant was served with proper notice.
 {¶ 15} Despite the appellee's efforts and the trial court's warnings, the appellant failed to appear at the hearing. Although she asserts excusable neglect as a defense to her actions, claiming that she received insufficient notice, it is clear from the record that she received more than sufficient notice, and her argument is without merit. Accordingly, the trial court's denial of the appellant's motion to vacate was neither unreasonable, arbitrary nor unconscionable, and we affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., concurs.;
 Cooney, J., concurs in judgment only.