[Cite as *CitiMortgage, Inc. v. Hoge*, 2013-Ohio-698.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98597**

# CITIMORTGAGE, INC.

PLAINTIFF-APPELLEE

vs.

# CYNTHIA ANN HOGE, ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-652519

**BEFORE:** Stewart, A.J., Boyle, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 28, 2013

**ATTORNEY FOR APPELLANT**

James G. Dawson
4881 Foxlair Trail
Richmond Heights, OH    44143


**ATTORNEYS FOR APPELLEE**

John E. Codrea
David B. Bokor
Matthew P. Curry
Edward M. Kochalski
Justin M. Ritch
Kristan A. Prill
Manley Deas Kochalski, L.L.C.
P.O. Box 165028
Columbus, OH 43216

MELODY J. STEWART, A.J.:

**{¶1}** When defendant-appellant Cynthia Hoge defaulted on payments for her home loan, the assignee of the mortgage, plaintiff-appellee CitiMortgage, Inc., instituted foreclosure proceedings. The court eventually granted summary judgment on the complaint for foreclosure and ordered a sale of the property. CitiMortgage delayed the sale pending all appeals. We affirmed the substantive aspects of the foreclosure in a direct appeal, *see CitiMortgage, Inc. v. Hoge*, 196 Ohio App.3d 40, 2011-Ohio-3839, 962 N.E.2d 327 (8th Dist.), and the Ohio Supreme Court declined jurisdiction. *See CitiMortgage, Inc. v. Hoge*, 130 Ohio St.3d 1495, 2011-Ohio-6556, 958 N.E.2d 957. Following the exhaustion of all appeals, the sheriff sold the property and the court confirmed the sale. Hoge again appeals, claiming that we lacked jurisdiction to hear the first appeal because the court had yet to rule on her counterclaims, thus depriving us of a final order. She also argues that the court erred by confirming the sale of the property because the court failed to find that the sale was made in conformity with R.C. 2329.01 to 2329.61.

I

**{¶2}** Hoge first argues that the court's order granting summary judgment and ordering foreclosure was not a final order under R.C. 2505.02 because the court failed to rule on her counterclaims as required by Civ.R. 54(B). This argument is meritless.

{¶3} CitiMortgage sought summary judgment on both its complaint and Hoge's counterclaims for fraud and misrepresentation. On March 29, 2010, the court granted summary judgment in its entirety, thus rendering judgment both for CitiMortgage on the complaint and against Hoge on her counterclaims. Hoge attempted to appeal from the summary judgment, but we dismissed that appeal for want of a final order because the court had not yet issued a foreclosure order. After we dismissed the appeal, the court issued a new judgment entry on October 28, 2010, reiterating the previous summary judgment and granting a money judgment on the defaulted note. Hoge again appealed and we affirmed.

{¶4} Given these facts, it is unclear why Hoge believes that the October 28, 2010 judgment entry was non-final. The March 29, 2010 summary judgment addressed all of Hoge's counterclaims as well as CitiMortgage's claims. That judgment may have been interlocutory given the court's failure to issue a foreclosure judgment, but there is no question that the October 28, 2010 judgment entry made the interlocutory summary judgment final. Even if that was not the case, the October 28, 2010 foreclosure entry stated that "plaintiff's motions for default and summary judgment are granted." That order itself was sufficient to dispose of the counterclaims given the scope of CitiMortgage's summary judgment. Our earlier opinion in this case confirms this conclusion: we affirmed summary judgment not only on the complaint for foreclosure, but on the counterclaims, too. *Hoge* at ¶ 29. It follows that the court did render

judgment on Hoge's counterclaims and that the October 28, 2010 order was final and appealable.

II

{¶5} Hoge next argues that the court erred by confirming the sale of the property because it failed to "document" the R.C. 2329.31(A) requirement that the sheriff's sale be made in conformity with sections 2329.01 to 2329.61 of the Revised Code.

{¶6} R.C. 2329.31(A) states in part:

Upon the return of any writ of execution for the satisfaction of which lands and tenements have been sold, on careful examination of the proceedings of the officer making the sale, if the court of common pleas finds that the sale was made, in all respects, in conformity with sections 2329.01 to 2329.61 of the Revised Code, it shall, within thirty days of the return of the writ, direct the clerk of the court of common pleas to make an entry on the journal that the court is satisfied of the legality of such sale and that the attorney who filed the writ of execution make to the purchaser a deed for the lands and tenements.

{¶7} The statute contains no language requiring the court to "document" its findings, nor does Hoge direct us to any precedent for that proposition. The court's order confirming the sheriff's sale stated that the court was "satisfied of the legality of the sale and that the notice of the sale was in all respects in conformity to law * * *." This statement tracked the language of the statute and sufficed to satisfy the court's obligations under R.C. 2329.31(A).

{¶8} We also reject Hoge's argument that there should have been evidence presented to the court that appraisers of the property inspected the interior condition of the house as required by R.C. 2329.17(A). That section states:

(A) When execution is levied upon lands and tenements, the officer who makes the levy shall call an inquest of three disinterested freeholders, residents of the county where the lands taken in execution are situated, and administer to them an oath impartially to appraise the property so levied upon, upon actual view. They forthwith shall return to such officer, under their hands, an estimate of the real value of the property in money.

{¶9} Some courts have held that a full and complete appraisal requires appraisers to view the interior of the premises. *See, e.g., Glendale Fed. Bank v. Brown*, 2d Dist. No. 13976, 1994 Ohio App. LEXIS 157 (Jan. 21, 1994). Other courts have held that an actual view of the interior of the premises is not always necessary. *See, e.g., St. Joseph Mtge. Co., Inc. v. Allison*, 7th Dist. No. 85-C-10, 1985 Ohio App. LEXIS 9693 (Dec. 13, 1985). We have taken a middle ground, holding that the appraisers' failure to view the inside of the premises will be a deviation from the terms of R.C. 2329.17 only when "the condition of the house may have an impact on the value of the real estate." *Old Kent Mtge. Co. v. Stancik*, 8th Dist. No. 80548, 2002-Ohio-3436, ¶ 11. The burden is on the owner of the premises to show prejudice from an alleged failure to view the interior of the premises prior to issuing the appraisal. *Id.* To that end, we have found that "naked assertions" of a failure to view the interior of the premises prior to appraisal will not show that the appraisal itself is invalid. *See United Cos. Lending v. Greenberg*, 8th Dist. No. 80803, 2002-Ohio-4919, ¶ 11.

{¶10} Hoge did not object to the appraisal prior to the sale of the property at a time when the court could have corrected any potential error, so she is barred from raising this issue on appeal. Even if she had objected to the appraisal, the argument she makes on appeal is merely a bald claim that the appraisers failed to inspect the interior of the

premises. Hoge offers no evidence to support her assertion that the appraisers failed to view the interior of the premises. Nor does Hoge make any showing of prejudice from the failure to view the interior of the premises. In short, her argument claims only a technical violation of R.C. 2329.17. That will not suffice to show that the court abused its discretion by proceeding with the sale.

**{¶11}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
SEAN C. GALLAGHER, J., CONCUR