[Cite as *Polivchak v. Polivchak Co.*, 2013-Ohio-4918.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99560**

## DIANE POLIVCHAK

PLAINTIFF-APPELLEE

vs.

## POLIVCHAK CO., ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-642466

**BEFORE:** Kilbane, J., Jones, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 7, 2013

**ATTORNEY FOR DEFENDANTS-APPELLANTS POLIVCHAK CO., ET AL.**

David A. Corrado
Skylight Office Tower
Suite 410
1660 West Second Street
Cleveland, Ohio   44113


**ATTORNEYS FOR PLAINTIFF-APPELLEE DIANE POLIVCHAK**

George J. Argie
Lou D'Amico
Argie, D'Amico & Vitantonio
6449 Wilson Mills Road
Mayfield Village, Ohio   44143


**ATTORNEYS FOR INTERVENING DEFENDANT-APPELLEE NORTH PEARL II, L.L.C.**

Mark Fusco
Donald Miehls
Walter & Haverfield, L.L.P.
1301 East Ninth Street
Suite 3500
Cleveland, Ohio   44114


**ATTORNEYS FOR DEFENDANT-APPELLEE CUYAHOGA COUNTY TREASURER**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Colleen Majeski
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY EILEEN KILBANE, J.:

**{¶1}** Appellants, James Polivchak, David Polivchak, and the Polivchak Company, appeal the denial of their motion to stay confirmation of sale and to vacate sale. They argue the trial court did not have authority to confirm the sale as a result of appellee Diane Polivchak's failure to file a certificate of notice in accordance with Loc.R. 27 of the Court of Common Pleas of Cuyahoga County, General Division, and that the appraisal price was inadequate. After a thorough review of the record and law, we affirm.

## I. Factual and Procedural History

**{¶2}** This court has recounted the history of this case previously in *Polivchak v. Polivchak Co.*, 8th Dist. Cuyahoga No. 91794, 2010-Ohio-1656. On April 1, 2006, James and David signed a cognovit note in accordance with the partnership agreement in their individual and representative capacities as part of a settlement to terminate litigation initiated by Diane. After default on the cognovit note, Diane entered judgment on the note on May 17, 2006, and brought an action in foreclosure on real property owned by the company. Diane sought and was granted summary judgment, which was affirmed by this court. *Id.* Following remand by this court, Diane sought an order of sale to auction the property at sheriff's sale.

**{¶3}** A sale date of October 17, 2011, was set by the trial court and an appraisal was ordered in accordance with Loc.R. 27. However, that order was withdrawn after Diane so moved the court because there was a pending contract for sale. There is no

indication in the record why that contract for sale did not result in a sale of the property, but on October 26, 2012, another praecipe for sale was issued. The parcels were reappraised and a sale date of December 24, 2012, was set by order of the court issued November 20, 2012. The appraised value decreased from $500,000 in 2011 to $424,000 in 2012. The property sold for $445,000 on December 24, 2012, to North Pearl II, L.L.C. ("North Pearl").

{¶4} On December 31, 2012, appellants sought to stay confirmation and vacate the sale based on Diane's failure to comply with Loc.R. 27 by filing a certificate of service indicating the parties had been served with notice of the sale. In response, Diane included a copy of emails obtained from the Cuyahoga County Clerk of Courts to appellants' respective counsel notifying them of the sale date.

{¶5} On January 25, 2013, the trial court overruled appellants' motions and confirmed the sale. Appellants then filed the instant appeal asserting two assignments of error:

> I. The trial court erred in refusing to honor the unambiguous terms of Local Rule 27 of the Cuyahoga County Common Pleas Court by confirming the sheriff's sale in this case notwithstanding the admitted absence of a service certificate that should have been filed with the trial court by Diane Polivchak, the party that ordered the sale.

> II. The trial court erred and abused its discretion when it arbitrarily confirmed the sheriff's sale in this case despite having received clear and convincing evidence that the appraised value of the property set by the appointed appraisers was unduly low.

## II.  Law and Analysis

### A.  Loc.R. 27

{¶6} Loc.R. 27 governs the sale of real property by the county sheriff. It provides a framework for compliance with constitutional due process and statutory rights. R.C. 2329.20 through 2329.30 govern these sales, and Loc.R. 27 provides guidance to parties on how to invoke and properly comply with the requirements in the Revised Code. A trial court may set aside a sheriff's sale in accordance with R.C. 2329.27(A) or (B). R.C. 2329.26(B). As relevant here, R.C. 2329.27(B)(1) provides:

> Subject to divisions (B)(2) and (3) of this section, all sales of lands and tenements taken in execution that are made without compliance with the written notice requirements of division (A)(1)(a) of section 2329.26 of the Revised Code [and] the public notice requirements of division (A)(2) of that section * * * shall be set aside, on motion by any interested party, by the court to which the execution is returnable.

{¶7} "While the statute speaks in mandatory terms, it has long been recognized that the trial court has discretion to grant or deny confirmation[.]" *Ohio Savs. Bank v. Ambrose*, 56 Ohio St.3d 53, 55, 563 N.E.2d 1388 (1990). Therefore, decisions on confirmation of judicial sale are left to the sound discretion of the trial court. *Id.*, citing *Michigan Mtge. Corp. v. Oakley,* 68 Ohio App.2d 83, 426 N.E.2d 1195 (12th Dist.1980). An abuse of discretion consists of a decision that is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶8} Appellants claim the provisions of Loc.R. 27 are mandatory and may not be ignored. However, as noted above, this court reviews the confirmation of sale for an abuse of discretion. This court has previously addressed a lack of conformity with this

rule and the discretionary nature of the trial court's decision. *Huntington Natl. Bank v. Shanker*, 8th Dist. Cuyahoga No. 78127, 2001 Ohio App. LEXIS 2191 (May 17, 2001).

**{¶9}** There, a defendant objected to the confirmation of sale when the purchasing party failed to proffer a deposit in conformity with the rule. This court analyzed the trial court's decision and found compliance, but also analyzed the issue to see if any harm resulted from the alleged error. *Id*. at \*5-6. The *Shanker* court determined, in part, that no prejudice was alleged and no reversible error occurred. It then affirmed the trial court's confirmation of sale. *Id*.

**{¶10}** R.C. 2329.26(A)(1)(a)(ii) contains a similar requirement to Loc.R. 27, that the party ordering the sale file a certificate of notice with the clerk of courts at least seven days prior to sale. The Fourth District recently reviewed a technical lack of compliance with this code section in *Fifth Third Mtge. Co. v. Rankin*, 4th Dist. Pickaway No. 11CA8, 2012-Ohio-2806. In that case, the foreclosing bank sent its certificate of notice to the clerk of courts in the wrong county. However, it was apparent from the record that all parties had actual notice of the sale date and time. The *Rankin* court held that no prejudice had resulted from the technical violation of R.C. 2329.26's notice requirement, and therefore the trial court did not abuse its discretion in confirming the sale. *Id.* at ¶ 23. It stated:

> While that statute states that all sales made without compliance with the notice requirements of R.C. 2329.26(A)(1)(a) "shall be set aside, on motion by any interested party," the rule is subject to R.C. 2329.27(B)(2) and (3). R.C. 2329.27(B)(3), regarding the effect of a confirmation order, expressly contemplates that a trial court may confirm a sale despite the lack of strict compliance with R.C. 2329.26(A)(1)(a). R.C. 2329.27(B)(3)(a)(i)

provides that confirmation constitutes either a judicial finding that the sale complied with the requirements of R.C. 2329.26(A)(1)(a) "or that compliance of that nature did not occur but the failure to give a written notice to a party entitled to notice under [that section] has not prejudiced that party." Thus, lack of strict compliance with R.C. 2329.26(A)(1)(a) does not render a confirmation order a per se abuse of discretion. Rather, a trial court may clearly exercise its discretion to confirm a sale where no prejudice results from a lack of specific compliance with the notice requirements of R.C. 2329.26(A)(1)(a), and R.C. 2329.27(B)(1) does not eliminate that discretion.

*Id*.

{¶11} Here, appellants have not asserted that they did not receive notice of the sale or that their right of redemption was cut short. They further do not allege that their ability to contest any part of the sale was abridged. They have alleged no harm related to the failure of appellee to file a certificate of service. This is not a due process, jurisdictional defect that cannot be waived. There is evidence in the record that the clerk of courts sent each attorney representing appellants notice of the sale date. Diane attached transcripts of emails from the clerk of courts purporting to be correspondence sent by the clerk to each party regarding the upcoming sale. This evidence was not authenticated and is otherwise not self-authenticating, but it is consistent with a November 20, 2012 docket entry indicating notice was sent by the clerk to the parties on November 16, 2012.

{¶12} The trial court relied on *PHH Mtge. Corp. v. Prater*, 133 Ohio St.3d 91, 2012-Ohio-3931, 975 N.E.2d 1008, to support its written decision. In that case, the Ohio Supreme Court found that directions to an attorney to monitor a website for future updates were insufficient to constitute notice to a party with a known address in a

foreclosure proceeding. The *Prater* court held that this was similar to notice by publication, which did not constitute proper notice under R.C. 2329.26 and was not reasonably calculated to reach a party with a known address. However, the court discussed email service and its similarity to service by regular mail. *Id*. at ¶ 19, quoting *PHH Mtge. Corp. v. Prater*, 12th Dist. Clermont No. CA2010-12-095, 2011-Ohio-3640, ¶ 39-40 (Powell, J., dissenting). In fact, the civil rules now provide for service by email in certain instances. Civ.R. 5(B)(2)(f).

{¶13} Pursuant to this rule, and according to the court's journal entry, actual notice was issued and service was completed by "sending it by electronic means to a facsimile number or e-mail address provided in accordance with Civ.R. 11 by the attorney or party to be served * * *." The certificate of notice was not filed, but that does not implicate appellants' due process rights in the face of actual service and notice and a lack of any harm claimed by appellants.

{¶14} Therefore, the trial court had discretion to overrule appellants' motion, even though a technical violation of Loc.R. 27 occurred.

### B. Appraisal

{¶15} Appellants next argue that the trial court acted arbitrarily when it confirmed the sale in the face of contrary evidence of value. Appellants' complained error boils down to a disagreement about the appraised value, and therefore the sale price. However, this court recently addressed the effect of a defendant's failure to object to an appraisal prior to sale. *Citimortgage, Inc. v. Hoge*, 8th Dist. Cuyahoga No. 98597,

2013-Ohio-698.   There, we held the defendant "did not object to the appraisal prior to the sale of the property at a time when the court could have corrected any potential error, so she is barred from raising this issue on appeal."   *Id*. at ¶ 10.

{¶16} Appellants were aware of the 2011 $500,000 appraised value for more than a year prior to the final sale date, and at no time did they properly object to this valuation. Appellants did not object to the 2012 appraisal from the time it was submitted to the court to the sale date.   Appellants failed to object to the appraisal at the appropriate time, waiving this error for review.

{¶17} Even if appellants had properly objected, their evidence supporting their claim of improper valuation is suspect.  The 2009 value of the property, as established during a 2011 board of revision proceeding, does not contradict appraisals done in 2011 and 2012.  The board of revision proceedings focused on the value of the property in January 2009, not December 2012. Appellants offer no credible evidence challenging the appraisals.   They indicate they received offers for as much as $900,000 for the property just before the sheriff's sale, but provided no evidence of such offers.

{¶18} The trial court did not abuse its discretion when it confirmed the sale over appellants' objections and refused to vacate the sale.

### III.   Conclusion

{¶19} Diane's failure to file a certificate of notice with the trial court did not result in any appreciable harm to appellants and does not amount to reversible error in this case. Appellants had notice of the sale in compliance with the Revised Code and civil rules

and were not deprived of any due process rights. The court also did not abuse its discretion in confirming the sale in the face of appellants' contrary valuation evidence where appellants did not object prior to sale, the evidence consisted of stale valuations or unsupported statements, and appellants did not allege impropriety in the appraisal process.

{¶20} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


MARY EILEEN KILBANE, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR