[Cite as *U.S. Bank, Natl. Assn. v. Sanders*, 2017-Ohio-1160.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 104607

# U.S. BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER OF FIRSTAR BANK, N.A.

PLAINTIFF-APPELLEE

vs.

# SHARON SANDERS, A.K.A. SHARON D. SANDERS, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-838756

**BEFORE:** Boyle, J., Kilbane, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** March 30, 2017

**ATTORNEYS FOR APPELLANT**

Paul B. Bellamy
William C. Behrens
Marc E. Dann
Emily White
The Dann Law Firm Co., L.P.A.
P.O. Box 6031040
Cleveland, Ohio   44103


**ATTORNEYS FOR APPELLEES**

**For U.S. Bank, N.A., as Successor by Merger
of Firstar Bank, N.A.**

Matthew A. Taulbee
Gerner & Kearns Co., L.P.A.
809 Wrights Summit Parkway, Suite 200
Fort Wright, Kentucky   41011

Ethan Hill
Gerner   & Kearns Co., L.P.A.
7900 Tanners Gate Lane
Florence, Kentucky   41042

Matthew J. Richardson
Manley, Deas & Kochalski, L.L.C.
P.O. Box 165028
Columbus, Ohio   43216

Jennifer Schaeffer
Lerner, Sampson & Rothfuss
P.O. Box 5480
Cincinnati, Ohio   45201

**For Wells Fargo Bank, N.A.**

Scott A. King
Terry W. Posey, Jr.
Thompson Hine, L.L.P.
Austin Landing I
10050 Innovation Drive, Suite 400
Miamisburg, Ohio   45342

Richard A. Freshwater
Thompson Hine, L.L.P.
3900 Key Tower
127 Public Square
Cleveland, Ohio   44114

**For City of Cleveland Heights, Ohio**

Cliff G. Babcock
Reimer, Arnovitz, Chernek & Jeffrey
30455 Solon Road
Solon, Ohio   44139

**For State of Ohio Department of Taxation**

State of Ohio Department of Taxation
c/o Office of the Ohio Attorney General
150 East Gay Street, 21st Floor
Columbus, Ohio   43215

MARY J. BOYLE, J.:

**{¶1}** Appellant, Sharon Sanders ("appellant"), appeals from the judgment entered by the Cuyahoga County Court of Common Pleas that confirmed a sheriff's sale upon a foreclosed property. Finding no merit to the appeal, we affirm.

## A. Procedural History and Facts

**{¶2}** On January 13, 2015, plaintiff-appellee, U.S. Bank, N.A., as successor by merger of Firstar Bank, N.A. ("U.S. Bank"), filed its complaint to recover the balance due on a home equity line of credit ("HELOC") and to foreclose a mortgage ("U.S. bank mortgage") against 847 Lecona Road, Cleveland Heights, Ohio 44121 (the "property"), which secured its repayment.

**{¶3}** The complaint named Sharon Sanders a.k.a. Sharon D. Sanders, Wells Fargo Bank, N.A. ("Wells Fargo"), the state of Ohio Department of Taxation ("ODOT"), the city of Cleveland Heights, Ohio ("Cleveland Heights"), and the unknown spouse of Sharon Sanders a.k.a. Sharon D. Sanders as defendants. The complaint further acknowledged that the Cuyahoga County Treasurer may claim an interest based on real estate taxes and assessments, but did not make the treasurer a party. All defendants were served with the complaint.

**{¶4}** Cleveland Heights filed an answer to the complaint. Wells Fargo filed an answer and cross-claim against appellant. Despite being properly served, appellant did not file an answer to U.S. Bank's complaint or Wells Fargo's cross-claim.

{¶5} On September 25, 2015, U.S. Bank filed a motion for default judgment. The trial court set a hearing on the default judgment motion for October 29, 2015. Pursuant to the trial court's order setting the hearing, U.S. Bank served appellant with a copy of the notice of hearing.

{¶6} On January 21, 2016, a magistrate's decision was issued finding that "all necessary parties have been served with summons according to law and are properly before the Court."

{¶7} The magistrate's decision found that appellant was in default, thereby confessing judgment to the allegations contained in the complaint. A judgment was rendered against appellant and in favor of U.S. Bank on the HELOC for $15,171.19, plus interest at the rate of 3.25 percent from March 21, 2014. The magistrate's decision found that U.S. Bank's mortgage was a valid first mortgage lien against the property; that the property should be foreclosed; and that Cleveland Heights, Wells Fargo, and ODOT had interests in the property because of their liens, but that their interests were "inferior and subsequent to" U.S. Bank's lien. None of the parties, including appellant, filed objections to the magistrate's decision.

{¶8} On February 22, 2016, the trial court issued an order adopting the January 21, 2016 magistrate's decision (the "foreclosure order"). Appellant never appealed the foreclosure order.

{¶9} On February 29, 2016, U.S. Bank filed a praecipe for the order of sale. On March 10, 2016, the land appraisal was filed, which valued the property at $25,000. The

land appraisal specifically stated that it was made "after actual view of" the property. None of the parties, including appellant, challenged the value prior to the sale.

{¶10} On March 14, 2016, U.S. Bank filed the notice of sheriff's sale, which notified all parties that the date of the sale for the property was April 18, 2016. On March 15, 2016, the trial court issued an order of the notice of sale, which also indicated the date of the sale. The property was sold on April 18, 2016. Appellant never objected to the sale prior to it being sold, and she never obtained a stay of the sale.

{¶11} On May 16, 2016, the trial court issued a decree of confirmation (the "confirmation order") as follows:

> THE SHERIFF HAVING SOLD THE PROPERTY DESCRIBED IN THE ORDER OF SALE ISSUED TO HIM, THE COURT BEING SATISFIED OF THE LEGALITY OF THE SALE AND THAT THE NOTICE OF THE SALE WAS IN ALL RESPECTS IN CONFORMITY TO LAW, APPROVES AND CONFIRMS THE SAME AND DIRECTS THE SHERIFF TO EXECUTE AND DELIVER TO WELLS FARGO BANK, N.A. A GOOD AND SUFFICIENT DEED THEREOF. UPON FULL PAYMENT OF THE PURCHASE PRICE, THE PURCHASER WILL BE ENTITLED TO A WRIT OF POSSESSION AGAINST ALL PARTY DEFENDANTS. ALL UNDISPUTED STATE LIENS ARE PROTECTED AS PROVIDED IN R.C. SEC. 2329.192.

{¶12} It is from the May 16, 2016 confirmation order that appellant filed her appeal. She raises the following two assignments of error:

> I. The trial court erred by confirming a sale which did not dispose of all lienholders;

> II. The trial court erred in confirming the sale where the sale did not comply with R.C. Section 2329.31(A).

**B. Standard of Review**

**{¶13}** A trial court has discretion to confirm or refuse to confirm a judicial sale. *Ohio Savs. Bank v. Ambrose*, 56 Ohio St.3d 53, 55, 563 N.E.2d 1388 (1990). If the trial court, after examining the proceedings taken by the officers, finds the sale was made in conformance with R.C. 2329.01 to 2329.61, it shall confirm the sale. *Id.* at 55, citing R.C. 2329.31.

**{¶14}** "While the statute speaks in mandatory terms, it has long been recognized that the trial court has discretion to grant or deny confirmation." *Id.* The trial court's determination, therefore, will not be reversed absent an abuse of discretion. *Deutsche Bank Natl. Co. v. Caldwell*, 8th Dist. Cuyahoga No. 100594, 2014-Ohio-2982, ¶ 13. Such abuse is connoted by an arbitrary, unreasonable, or unconscionable decision. *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶15}** With this standard of review in mind, we turn to appellant's assignments of error.

## C. Final and Appealable Order

**{¶16}** In her first assignment of error, appellant argues that the trial court erred in entering the confirmation order because the February 22, 2016 foreclosure order was not final and appealable because it purportedly failed to resolve all claims and defenses and failed to address the rights of all lienholders.

A review of the record shows that appellant never appealed the foreclosure order dated February 22, 2016. *See Citifinancial v. Haller-Lynch*, 9th Dist. Lorain No. 06CA008893, 2006-Ohio-6908 (the first judgment that can be appealed in a foreclosure

action is the order of foreclosure and sale). Because appellant failed to pursue an appeal of the February 22, 2016 foreclosure order, any argument pertaining to it is now barred. *Beneficial Ohio, Inc. v. LaQuatra*, 8th Dist. Cuyahoga No. 99860, 2014-Ohio-605, ¶ 5, citing *Third Fed. S. & L. Assn. of Cleveland v. Rains*, 8th Dist. Cuyahoga No. 98592, 2012-Ohio-5708, ¶ 10-12.

{¶17} The facts of *Rains* are analogous. There, the appellant's sole assignment of error was that the trial court erred in entering a confirmation of sale based on an earlier order of foreclosure that was not final and appealable. This court rejected that argument, noting that Rains voluntarily dismissed her appeal and that the issues regarding the foreclosure order could not be raised in her appeal of the confirmation order. This court further held that whether an order is appealable merely relates to the court's jurisdiction to review it at that time and does not render it a nullity. *Id*. at ¶ 10. Regardless of whether it could have been appealed, the order of foreclosure still stood as a valid order from which the property was properly sold at the sheriff's sale, and because Rains failed to pursue her appeal of the foreclosure order, any argument pertaining to that order was barred. *Id.* at ¶ 10; *see also Caldwell,* 8th Dist. Cuyahoga No. 100594, 2014-Ohio-2982 (since appellants only appealed the order confirming the foreclosure sale, the only arguments properly before the court on appeal were those related to the procedures employed in the sale and whether the court abused its discretion in confirming the sale); *Haller-Lynch*, *supra* (appellant's failure to timely appeal the earlier foreclosure judgment bars her from raising the same issues when she appeals the confirmation order).

**{¶18}** Here, appellant only appealed from the May 16, 2016 confirmation order. The only arguments that can be considered by this court are those related to the procedures employed in the sale and whether the trial court abused its discretion in confirming the sale. Therefore, appellant's argument regarding the finality and appealability of the February 22, 2016 foreclosure order is barred.

**D. Appraisal and Sale of Property**

**{¶19}** In her second assignment of error, appellant claims that the trial court erred in confirming the sale because (1) the magistrate's decision and foreclosure judgment allegedly did not address valid liens or include these liens in the proceeds of the sale, and (2) the sheriff's appraised value was far below the auditor's value that it did not represent the real value of the property in money, as required by R.C. 2329.17.

**{¶20}** To the extent appellant's second assignment of error pertains to irregularities in the February 22, 2016 foreclosure order, her arguments are barred for the same reasons set forth above. Next, we note that appellant failed to enter an appearance, to file an answer, to object to the magistrate's decision, to object to the land appraisal, or otherwise take any action until after the trial court's confirmation order. According to the record, it was not until approximately 60 days after the sale of the property occurred and approximately 30 days after the trial court entered the confirmation order that appellant filed her notice of appeal and motion to stay the writ of possession. At no time prior to the confirmation order did appellant attempt to obtain a stay of the sale, the distribution of the proceeds from the sale, or the confirmation of the sale.

**{¶21}** In *Provident Funding Assocs., L.P. v. Turner*, 8th Dist. Cuyahoga No. 100153, 2014-Ohio-2529, appellants appealed a judgment in foreclosure. While the appeal was pending, the foreclosed property was sold at a sheriff's sale pursuant to court order, and the court entered a decree confirming the sale. Although the appellants filed a timely appeal from the confirmation order, they never filed a motion to stay the foreclosure proceedings or a motion to stay the distribution of the proceeds from the sale. Rather, the property was sold and the order of confirmation was effectuated. This court noted that R.C. 2329.45 provides a remedy for appellants in foreclosure cases after the property has been sold and the proceeds have been distributed. However, R.C. 2329.45 only applies when the appealing party sought and obtained a stay of the distribution of the proceeds. *Id*. at ¶ 6, citing *Wells Fargo Bank N.A. v. Cuevas*, 8th Dist. Cuyahoga No. 99921, 2014-Ohio-498; *see also Midfirst Bank v. Samad,* 8th Dist. Cuyahoga No. 101976, 2015-Ohio-2270.

**{¶22}** Furthermore, when a sale is confirmed, "all irregularities are cured after the sale is made and confirmed," including "all such irregularities, misconduct, and unfairness in the making of the sale, departures from the provisions of the decree of sale, and errors in the decree and the proceedings under it." *Rains*, 8th Dist. Cuyahoga No. 98592, 2012-Ohio-5708, at ¶ 11. At best, a party appealing a sale confirmation who did not raise objections to it in the trial court could obtain only "plain error" review of the sale confirmation. *Wells Fargo Home Mtge. v. Hee Sook Chun*, 8th Dist. Cuyahoga No.

101722, 2015-Ohio-1827, ¶ 8. The plain error doctrine is not favored and only applies in extremely rare cases. *Id.*

{¶23} Here, appellant never moved to stay the foreclosure proceedings or to stay the distribution of the proceeds from the sale prior to the confirmation order entered on May 16, 2016. The property has been sold, the confirmation order has been carried out, and there exists no relief that can be afforded to appellant. *Turner*, *supra*.

{¶24} Even if this court considered the merits of appellant's second assignment of error that the sale price was too low and in contradiction of R.C. 2329.17, the trial court did not abuse its discretion in issuing the confirmation order. First, if a party is dissatisfied with an appraisal made for a judicial sale, that party must object prior to the sale. *CitiMortgage, Inc. v. Hoge*, 8th Dist. Cuyahoga No. 98597, 2013-Ohio-698, ¶ 10. If the party does not object to the appraisal prior to the sale of the property at a time when the court could correct any potential error, the party "is barred from raising the issue on appeal." *Id.* Even if she had objected, appellant's bald claim that the appraisers did not enter the property for the appraisal is unsupported by the record, especially considering the land appraisal filed with the trial court on March 10, 2016, specifically stated that it was done after "actual view" of the property. And, just like the facts alleged in *Caldwell*, a taxable value as determined by Cuyahoga County is not sufficient because an appraised value for foreclosure purposes considers the forced nature of the sale. *Caldwell*, 8th Dist. Cuyahoga No. 100594, 2014-Ohio-2982, at ¶ 19. Appellant certainly

cannot meet her burden of demonstrating any prejudice as a result of her alleged deficiencies in the sale of the property.   *Hoge*, *supra*.

**{¶25}** Based on the record before us, we find no basis to conclude that the trial court abused its discretion in confirming the sale of the property. Accordingly, appellant's second assignment of error is overruled.    Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, P.J., and
TIM McCORMACK, J., CONCUR