[Cite as *HSBC Bank USA, Natl. Assn. v. Banks*, 2022-Ohio-3044.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

HSBC BANK USA,
NATIONAL ASSOCIATION,　　　　　　:

　　　　　Plaintiff-Appellee,　　　:

　　　　　　　　　　　　　　　　　　　　　　No. 111241

　　　　　v.　　　　　　　　　　　:

ANDERSON BANKS, ET AL.　　　　:

　　　　　Defendants-Appellants.　:

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 1, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-15-856169

---

### *Appearances:*

McGlinchey Stafford and Stefanie L. Deka, *for appellee.*

Wendy S. Rosett, *for appellant.*

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} Defendant-appellant Anderson Banks ("appellant") appeals from the trial court's February 1, 2022 decree of confirmation of sale entered in this foreclosure case filed in 2015 by plaintiff-appellee HSBC Bank USA, National

Association ("appellee").  After a thorough review of the facts and pertinent law, we affirm the trial court's judgment.

**Factual and Procedural Background**

{¶ 2} Appellee initiated this foreclosure action in December 2015.  In its complaint, appellee alleged that it was the party entitled to enforce the note and foreclose on the mortgage entered into by appellant for the real property located at 29049 Harvard Road, Orange, Ohio.[1]  The record demonstrates that the original loan was modified by a Home Affordable Modification Program ("HAMP") agreement, effective April 1, 2015.  Appellee's complaint alleged that appellant defaulted on the loan for payment due on April 1, 2015, and all subsequent payments.

{¶ 3} Appellant failed to answer appellee's complaint and appellee filed a motion for default judgment.  On February 17, 2016, the trial court set a default hearing for March 10, 2016.  Appellee sent a notice of the hearing to appellant.  The hearing went forward on March 10, and appellant's son appeared on appellant's behalf.  The trial court denied appellee's motion for default judgment as it related to appellant and referred the case to mediation.  The parties participated in mediation but were unable to reach a settlement and a magistrate granted appellee's motion for default judgment on January 20, 2017.  On January 31, 2017, the trial court

---

[1] The unknown spouse, if any, of appellant and CIT Bank were also named as defendants.

adopted the magistrate's decision and issued a final decree of foreclosure. Appellant neither appealed the trial court's judgment nor sought a stay of the judgment.

{¶ 4} Appellee's judgment notwithstanding, the parties engaged in settlement negotiations that, along with bankruptcy stays, resulted in the prescribed sheriff's sale being cancelled 11 times. The parties' settlement efforts were unsuccessful, however, and the sheriff's sale ultimately occurred on December 6, 2021, six years after the case was initiated.

{¶ 5} On December 21, 2021, appellant filed an "emergency motion to stay confirmation of sale." In his motion, appellant alleged that confirmation of the sale would be in violation of 12 C.F.R. 1024.41, which governs loss mitigation procedures. The trial court denied appellant's motion on January 31, 2022, and confirmed the sale on February 1, 2022. Appellant raises the following assignment of error for our review:

> The trial court erred to the prejudice of the Appellant by entering the Decree of Confirmation confirming the Sheriff's Sale or, in the alternative, not staying confirmation of the Sheriff's Sale because such was unreasonable, arbitrary, and capricious due to failures to comply with statutory and common law requirements.

**Law and Analysis**

{¶ 6} Appellant alleges the following in this appeal: (1) despite him providing a "complete loss mitigation request via email on September 15, 2021," the trial court granted appellee's motion for default judgment "without a notice, warning or hearing"; (2) appellee failed to abide by the regulations set forth in 12 C.F.R. 1024.41; (3) appellee was barred under the doctrine of promissory estoppel from executing

the sheriff's sale and confirming same; (4) appellee had unclean hands in this case; (5) appellant "was not given proper and reasonable opportunity to object to the appraisal"; and (6) the appraisal was not conducted according to law.

**Standard of Review**

{¶ 7} Appellant contends that the trial court abused its discretion in confirming the sale. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 8} With the exception of the alleged violations of 12 C.F.R. 1024.41, the grounds upon which appellant bases his request to reverse the confirmation of sale were not raised at the trial-court level. "[W]hen a sale is confirmed, 'all irregularities are cured after the sale is made and confirmed,' including 'all such irregularities, misconduct, and unfairness in the making of the sale, departures from the provisions of the decree of sale, and errors in the decree and the proceedings under it.'" *U.S. Bank, N.A. v. Sanders*, 2017-Ohio-1160, 88 N.E.3d 445, ¶ 22 (8th Dist.), quoting *Third Fed. S. & L. Assn. of Cleveland v. Rains*, 8th Dist. Cuyahoga No. 98592, 2012-Ohio-5708, ¶ 11. Thus, "[a]t best, a party appealing a sale confirmation who did not raise objections to it in the trial court could obtain only 'plain error' review of the sale confirmation." *Sanders* at *id.*, quoting *Wells Fargo Home Mtge. v. Chun*, 8th Dist. Cuyahoga No. 101722, 2015-Ohio-1827, ¶ 8. Notice

of plain error is not favored and is only taken in extremely rare cases. *Sanders* at *id.*, citing *Chun* at *id.*

{¶ 9} Further, the Ohio Supreme Court has recognized that "two judgments are appealable in foreclosure actions: the order of foreclosure and sale and the order of confirmation of sale." *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 35.

> The order of foreclosure determines the extent of each lienholder's interest, sets forth the priority of the liens, and determines the other rights and responsibilities of each party in the action. On appeal from the order of foreclosure, the parties may challenge the court's decision to grant the decree of foreclosure. Once the order of foreclosure is final and the appeals process has been completed, all rights and responsibilities of the parties have been determined and can no longer be challenged.

*Id.* at ¶ 39.

{¶ 10} On the other hand,

> [t]he confirmation process is an ancillary one in which the issues present are limited to whether the sale proceedings conformed to law. Because of this limited nature of the confirmation proceedings, the parties have a limited right to appeal the confirmation. For example, on appeal of the order confirming the sale, the parties may challenge the confirmation of the sale itself, including computation of the final total owed by the mortgagor, accrued interest, and actual amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance. The issues appealed from confirmation are wholly distinct from the issues appealed from the order of foreclosure. In other words, if the parties appeal the confirmation proceedings, they do not get a second bite of the apple, but a first bite of a different fruit.

*Id.* at ¶ 40.

{¶ 11} In the case at hand, the trial court issued a final decree of foreclosure on January 31, 2017. Appellant did not appeal from that judgment. Thus, the issues

he now raises relative to the final decree of foreclosure are waived. Nonetheless, we briefly consider them and find them to be without merit.

**Default Judgment**

{¶ 12} Appellant contends that his due process rights were violated because he "was not given a full opportunity to be heard on the matter or otherwise plead on the merits prior to the trial court entering default judgment against [him]." The record belies appellant's contention.

{¶ 13} Appellant failed to answer appellee's complaint and appellee filed a motion for default judgment. On February 17, 2016, the trial court set a default hearing for March 10, 2016. Appellee sent a notice of the hearing to appellant. The hearing went forward on March 10, and appellant's son appeared on appellant's behalf. The trial court granted appellee's motion for default judgment as it related to all nonanswering defendants, with the exception of appellant and referred appellant and appellee to mediation — a clear indication that appellant was afforded the opportunity to be heard.

{¶ 14} The parties participated in mediation, but it was unsuccessful, and a magistrate granted appellee's motion for default judgment on January 20, 2017. On January 31, 2017, the trial court adopted the magistrate's decision.

{¶ 15} The mere fact that a representative made an appearance on appellant's behalf in the case is not dispositive of whether a default judgment was justified. A party who has appeared in a civil action can still be subject to a default judgment if he or she has otherwise failed to defend the case and received proper notice of the

default judgment motion.  *See Rotatori, Bender, Gragel, Stoper, & Alexander, L.P.A. v. Signer*, 8th Dist. Cuyahoga No. 86454, 2006-Ohio-1354, ¶ 12-15.

{¶ 16} Appellant contends that he was denied a full opportunity to be heard prior to the trial court entering default judgment against him.  However, in making this assertion, he has not contested the following:  (1) at the outset of the action, he was served with a copy of appellee's foreclosure complaint; (2) he did not file an answer to the complaint throughout the entire pendency of the action; (3) in filing its motion for a default judgment, appellee attached a proof of service stating that a copy of the motion was mailed to appellant; (4) a copy of the trial court's judgment scheduling the default motion for a hearing was also mailed to appellant; and (5) notices of both the motion and judgment were given more than 14 days before the date of the hearing.

{¶ 17} On this record we find no merit to appellant's challenge relating to the trial court granting appellee's motion for default judgment.

**12 C.F.R. 1024.41**

{¶ 18} 12 C.F.R. 1024.41 is the federal regulation governing loss mitigation procedures in foreclosure actions and provides in relevant part as follows:

> (g) Prohibition on foreclosure sale.  If a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but more than 37 days before a foreclosure sale, a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale, unless:
>
> (1) The servicer has sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this section that the borrower is not eligible for any loss

mitigation option and the appeal process in paragraph (h) of this section is not applicable, the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has been denied;

(2) The borrower rejects all loss mitigation options offered by the servicer; or

(3) The borrower fails to perform under an agreement on a loss mitigation option.

12 C.F.R. 1024.41(g).

{¶ 19} Appellant contends that the final sale violated 12 C.F.R. 1024.41(g) because he submitted a complete loss mitigation report on September 15, 2021. Appellant cites three exhibits attached to his emergency motion to stay confirmation of sale as proof of his completed loss mitigation report. These exhibits are not proof that appellant timely submitted a completed loss mitigation report. The first exhibit shows that an email from an address ostensibly belonging to appellant was sent to "ss@mortgagefamily.com" on September 16, 2021. The second exhibit is a "fax log" for a specific fax number and shows that a fax consisting of 12 pages was sent from that number by appellant on September 16, 2021, to another number, which is the fax number for "Mortgage Service Center." The third exhibit is an email from "loansolutioncenter.com" to appellant, the sum and substance of which reads: "This notice is to inform you changes have been made to your application for assistance."

{¶ 20} None of the exhibits demonstrate that appellant submitted a completed loss mitigation application. However, attached to appellee's complaint was the HAMP loan modification that appellant executed in March 2015, and was effective April 1, 2015. Appellee alleged in its complaint that the HAMP loan was

offered to appellant after he submitted a complete loss mitigation application, and he has been in default since the loan's April 1, 2015 effective date. *See* Complaint, ¶ 5 and Exhibit B to Complaint.

{¶ 21} Thus, under 12 C.F.R. 1024.41(g)(3), appellant failed "to perform under an agreement on a loss mitigation option" and appellee did not violate the federal statute in pursuing foreclosure.

### Promissory Estoppel and Unclean Hands

{¶ 22} Promissory estoppel is an affirmative defense. *McCarthy, Lebit, Crystal & Haiman Co., L.P.A. v. First Union Mgt., Inc.*, 87 Ohio App.3d 613, 624, 622 N.E.2d 1093 (8th Dist.1993). The doctrine of unclean hands is also an affirmative defense. *Beneficial Fin. 1, Inc. v. Edwards*, 7th Dist. Mahoning No. 13 MA 106, 2014-Ohio-5514, ¶ 17. "An affirmative defense must be raised in the pleadings or in an amendment to the pleading, or it is waived." *Sharp v. Miller*, 2018-Ohio-4740, 114 N.E.3d 1285, ¶ 37 (7th Dist.). Appellant did not file an answer and assert these affirmative defenses at the trial-court level. It is well established that arguments a party fails to raise in the trial-court cannot be considered for the first time on appeal. *Cawley JV, L.L.C. v. Wall St. Recycling L.L.C.*, 2015-Ohio-1846, 35 N.E.3d 30, ¶ 17 (8th Dist.).

{¶ 23} Appellant has waived consideration of any argument on appeal relative to promissory estoppel and unclean hands because he failed to raise the issues in the trial court.

**Appraisal**

{¶ 24} Appellant contends that he "was not given proper and reasonable opportunity to object to the appraisal." Appellant also contends that the appraisal was not conducted according to law because the appraiser failed to view the interior of the premise.

{¶ 25} The record demonstrates that appellant had ample opportunity to object to the appraisal. The appraisal was completed on November 2, 2021, and filed with the trial court the following day, November 3, 2021. The notice of the sale was docketed on November 8, 2021. The sale occurred on December 6, 2021. Appellant therefore had over one month to object to the appraisal and failed to do so. This court has held that a party who fails to object to an appraisal prior to the sale of property to be foreclosed on waives appellate review of the appraisal. *CitiMortgage, Inc. v. Hoge*, 8th Dist. Cuyahoga No. 98597, 2013-Ohio-698, ¶ 10; *Polivchak v. Polivchak Co.*, 8th Dist. Cuyahoga No. 99560, 2013-Ohio-4918, ¶ 15.

{¶ 26} In regard to appellant's allegation that an interior view of the premises did not occur, this court has held that an appraiser's failure to view the inside of the premises will be a deviation from the statutory terms[2] "only when 'the condition of the house may have an impact on the value of the real estate.'" *Hoge* at ¶ 9, quoting *Old Kent Mtge. Co. v. Stancik*, 8th Dist. Cuyahoga No. 80548, 2002-Ohio-3436, ¶ 11. Appellant bears the burden to show prejudice from an alleged failure to view

---

[2] R.C. 2329.17, governing foreclosure appraisals, states that an appraiser shall appraise property "upon actual view." R.C. 2329.17(A).

the interior of the premises prior to issuing the appraisal. *Hoge* at *id.*, citing *Old Kent Mtge. Co.* at *id.* "'Naked assertions' of a failure to view the interior of the premises prior to appraisal will not show that the appraisal itself is invalid." *Hoge* at *id.*, quoting *United Cos. Lending v. Greenberg*, 8th Dist. Cuyahoga No. 80803, 2002-Ohio-4919, ¶ 11.

{¶ 27} Appellant's contention regarding the alleged lack of an interior view of the premises is nothing more than a "naked assertion." He has offered no evidence that the interior condition of the home would have impacted the appraised value to his prejudice.

{¶ 28} In light of the above, we find no error, plain or otherwise, nor do we find that the trial court's judgment confirming the sale in this case was unreasonable, arbitrary, or unconscionable. Appellant's sole assignment of error is overruled.

{¶ 29} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
CORNELIUS J. O'SULLIVAN, JR., JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
EMANUELLA D. GROVES, J., CONCUR