OPINION
{¶ 1} The following is an accelerated calendar appeal in which appellants, John R. Ceroni and Adale M. Ceroni, appeal from a judgment of the Portage County Court of Common Pleas granting summary judgment in favor of appellee, Suffield United Church of Christ.
 {¶ 2} On May 16, 1986, appellants entered into a land contract purchase agreement ("land contract") with appellee. The land contract was for certain real property located at 1292 Waterloo Road, Portage County, Ohio. To finance this purchase, appellants made a $20,000 down payment and signed a promissory note in the amount of $80,000. The promissory note obligated appellants to pay appellee $702.40 per month, for fifteen years. Concurrent with the promissory note, a mortgage deed was executed and duly recorded by appellee in the office of the Portage County Recorder.[1]
 {¶ 3} On June 6, 2001, appellants filed a civil complaint in the Portage County Court of Common Pleas. In their complaint, appellants sought a declaratory judgment stating the promissory note was paid in full and the mortgage upon the premises was released. Appellants maintained that all regular monthly payments had been made.
 {¶ 4} Appellee filed an answer and counterclaim on June 26, 2001. The counterclaim contended that, pursuant to the promissory note and attached amortization schedule, a remaining principal balance of $65,189.08 was due and payable.
 {¶ 5} On May 9, 2002, appellee filed a motion for summary judgment requesting that appellants' complaint be dismissed, and judgment be rendered in favor of appellee for money due in the amount of $65,834.10. Appellee argued that appellants had breached the terms and conditions of the promissory note and mortgage, thereby accelerating the balance due and owing.
 {¶ 6} As evidence of this breach, appellee attached to its motion for summary judgment the following items. First, an affidavit of Roger Schindler, appellee's Chairman of Budget and Finance Committee, stating that payments had not been made as required and the balance due and owing was $65,834.10. Second, appellee presented a complete loan history of all monthly payments and non-payments from May 15, 1986, through May 22, 2001.[2] Third, a complete copy of the properly filed mortgage deed was attached. Finally, appellee submitted a complete copy of the promissory note with an amortization schedule attached.
 {¶ 7} The terms of the promissory note stated that the principal amount of $80,000, at ten percent per annum, was to be paid in the following manner:
 {¶ 8} "a. in MONTHLY installments of not less than SEVEN HUNDRED TWO and 40/100ths ($702.40) DOLLARS each;
 {¶ 9} "b. the FIRST installment shall be due and payable on the 30th day of May, 1986;
 {¶ 10} "c. thereafter, ONE HUNDRED SEVENTY NINE (179) MONTHLY payments of SEVEN HUNDRED TWO and 40/100ths ($702.40) DOLLARS each shall be paid on the 30th day of the month;
 {¶ 11} "d. MONTHLY installments shall be first applied to interest and the balance to principal;
 {¶ 12} "e. the ENTIRE REMAINING PRINCIPAL BALANCE shall be due and payable on the 16th day of May, 2001."
 {¶ 13} The attached amortization schedule set forth each monthly payment of $702.40. Also, included was the amount of interest and principle attributed to each monthly payment and a running tally of the principle due. The principal due after the final monthly payment was listed as $65,189.08.[3]
 {¶ 14} On June 6, 2002, appellants filed a reply to appellee's motion for summary judgment, which included their own motion for summary judgment. Appellants' motion for summary judgment alleged that: (1) the promissory note was ambiguous as to the amount of payments due; (2) the ambiguity should be resolved against appellee; and (3) appellants are entitled to a judgment that they have paid the note in full and that the mortgage is cancelled. More specifically, appellants argued that the ending principal balance, or balloon payment, of $65,189.08, as stated in the amortization schedule, was not contemplated in the promissory note. Therefore, appellants claimed that once the final monthly payment had been made, no further payments were necessary.
 {¶ 15} After reviewing both motions for summary judgment, the trial court issued a judgment entry on August 27, 2002, granting appellee's summary judgment and ordering appellants to pay $65,834.10. The trial court noted that section (e) of the promissory note "clearly and unambiguously set forth the existence of a balance due after the stipulated payments were completed." Accordingly, the trial court granted appellee's motion for summary judgment determining that the promissory note was not ambiguous and that it clearly stated a principal balance was due at the end of the fifteen-year payment schedule.
 {¶ 16} From this judgment, appellants filed a timely notice of appeal and set forth the following assignments of error for our consideration:
 {¶ 17} "[1] The trial court erred to the prejudice of Plaintiff-appellants in considering facts in dispute upon the plaintiff-appellants' motion for summary judgment and the defendant-appellee's motion for summary judgment.
 {¶ 18} "[2] The trial court erred to the prejudice of plaintiff-appellants in entering summary judgment for the defendant-appellee on its counterclaim.
 {¶ 19} "[3] The trial court erred to the prejudice of plaintiff-appellants in dismissing their motion for summary judgment."
 {¶ 20} Prior to discussing the merits of these assignments of error, it is appropriate to set forth the proper standard of review when examining a summary judgment.
 {¶ 21} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Under Civ.R. 56, summary judgment is appropriate when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can reach only one conclusion, which is adverse to the party against whom the motion is made, such party being entitled to have the evidence construed most strongly in their favor. Civ.R. 56; Mootispawv. Eckstein (1996), 76 Ohio St.3d 383, 385; Leibreich v. A.J.Refrigeration, Inc. (1993), 67 Ohio St.3d 383, 385.
 {¶ 22} Material facts are defined as facts that might affect the outcome of the suit under the governing law of the case. Turner v.Turner (1993), 67 Ohio St.3d 337, 340, citing Anderson v. Liberty Lobby,Inc. (1986), 477 U.S. 242, 248. To ascertain what constitutes a genuine issue, the court must resolve whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
 {¶ 23} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. Dresher v. Burt (1996), 75 Ohio St.3d 280. Accordingly the moving party must point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving parties claim. Id. If the moving party satisfies its initial burden under Civ.R. 56(C), the nonmoving party has the burden to respond as provided in the rule, so as to demonstrate that there is a genuine issue of a material fact. Id. However, if the nonmoving party fails to meet this burden, then the trial court may enter summary judgment against that party. Id.
 {¶ 24} We will now review appellants' assignments of error. Because appellants' assignments of error are interrelated, they will be discussed in a consolidated fashion. Appellants contend that appellee is not entitled to judgment as a matter of law because the promissory note was ambiguous. Appellants submit that the promissory note did not clearly state that a balloon payment would be due following the final monthly payment. Due to this alleged ambiguity, appellants' conclude that the language of the promissory note should be resolved in their favor, and they should be released from the mortgage and any further payment obligations.
 {¶ 25} As an initial matter, we note that a promissory note is considered a contract as a matter of law. See, e.g., Edward A. KemmlerMem. Found. v. 691/733 East Dublin-Granville Rd. Co. (1992),62 Ohio St.3d 494. See, also, The Sec. Dollar Bank v. J.C. HoldingCorp., Inc. (Sept. 8, 1995), 11th Dist. No. 94-T-5115, 1995 Ohio App. LEXIS 3911; Cornett v. Fryman (Jan. 27, 1992), 12th Dist. No. CA91-04-031, 1992 Ohio App. LEXIS 248. Accordingly, contract law will govern our interpretation and construction of the promissory note.
 {¶ 26} It is well established that the fundamental purpose of a judicial examination of any written instrument is to ascertain and give effect to the intent of the parties to the instrument. Foster WheelerEnviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.,78 Ohio St.3d 353, 361, 1997-Ohio-202. "During the course of the judicial examination of a written instrument, the reviewing court should give the language of the instrument its plain and ordinary meaning unless some other meaning is evidenced within the document." Fed. Financial Co. v.Turner (Sept. 1, 1999), 7th Dist. No. 97 CA 144, 1999 Ohio App. LEXIS 4121, at 6-7, citing Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 509, 511. However, if an examination of the written instrument reveals that its terms are ambiguous, we are obligated to construe the ambiguity most strongly against the party preparing it or employing the words from which doubt arises. The Sec. Dollar Bank, at 7. See, also, Sagar v. Nationwide Mut. Fire Ins. Co., 10th Dist. No. 02AP-1104, 2003-Ohio-2268, at ¶ 8. Thus, if our examination finds the promissory note to be ambiguous, the terms of the note must be liberally construed in favor of appellants.
 {¶ 27} As evidence of ambiguity, appellants point to the absence of specific language in the promissory note that would require a balloon payment after the final monthly payment. A balloon payment is defined as a "final payment of principal *** commonly representing essentially the entire principal." Black's Law Dictionary (6 Ed.Rev. 1991) 97. After examining the promissory note, its plain language states, "the ENTIRE REMAINING PRINCIPAL BALANCE shall be due and payable on the 16th day of May, 2001." Although appellants declare the ambiguity to be a silent balloon payment, the language of the promissory note makes clear that a final payment of principal would be required after the final monthly payment was made.
 {¶ 28} As a matter of law, the promissory note is not ambiguous. Although appellants' misinterpreted the promissory note, they were still bound to adhere to its plain language. The language of the note clearly notified appellants' that there would be a principal balance due after the final monthly payment had been made. Accordingly, "[i]t is not the responsibility or function of a court to rewrite the parties' contract in order to provide for a more equitable result. A contract `does not become ambiguous by reason of the fact that in its operation it will work a hardship upon one of the parties thereto.'" Foster Wheeler Enviresponse,Inc. at 362, quoting Ohio Crane Co. v. Hicks (1924), 110 Ohio St. 168,172.
 {¶ 29} Appellants also maintain that an affidavit submitted with the trial court contained factual statements attesting that an amortization schedule was not attached to the promissory note at the time of the note's signing. As a result, appellants conclude that there was a genuine issue of material fact regarding the amortization schedule, and the trial court was precluded from relying upon the amortization schedule to resolve the ambiguous language of the note. We disagree.
 {¶ 30} As stated previously, summary judgment is not proper when there is a genuine issue of material fact that remains to be litigated.Welco Industries, Inc. v. Applied Cos., 67 Ohio St.3d 344, 346,1993-Ohio-191. The Supreme Court of Ohio has stated, "`[a]s to materiality, the substantive law will identify which facts are material.'" Turner at 340, quoting Anderson, at 248. In other words, material facts are those facts which might affect the outcome of the suit under the governing law of the case. Kornowski v. Chester Properties,Inc. (June 30, 2000), 11th Dist. No. 99-G-2221, 2000 Ohio App. LEXIS 3001, at 5.
 {¶ 31} After reviewing the trial court's judgment entry, it is evident that the amortization schedule was not relied upon by the trial court to resolve the alleged ambiguity in the promissory note. To the contrary, the trial court, much like this court, simply reviewed the four corners of the promissory note and determined that there was no ambiguity and "[t]he note [was] clear that a balance was due at the end of the fifteen year payment schedule." At no time does the trial court attempt to utilize the amortization schedule to support its determination that the promissory note was ambiguous. Therefore, whether the amortization schedule was attached to the promissory note at the time of the note's signing does not constitute a material fact which would affect the outcome of this suit.
 {¶ 32} Nevertheless, the trial court used the amortization schedule's calculations to determine what the ending principal balance would be. However, appellants did not make the amortization schedule's calculations and final principal balance a point of contention. The only issue presented by appellants was whether the promissory note was ambiguous, thereby allowing the note to be construed in their favor. In addition, appellants have failed to produce evidence of the type listed in Civ.R. 56(C), demonstrating that the final principal balance, as stated in the amortization schedule, was incorrect. Furthermore, appellants introduced no evidence establishing that they had actually paid all of the monthly payments. Therefore, appellants, as the nonmoving party to a motion for summary judgment, have failed to satisfy their burden to provide evidence of the type listed in Civ.R. 56(C), so as to demonstrate a genuine issue of material fact regarding the final principal balance of $65,834.10.
 {¶ 33} Based upon the foregoing analysis, the trial court did not err by granting appellee's motion for summary judgment as there was no genuine issue of material fact and appellee was entitled to judgment as a matter of law. Appellant's assignments of error are without merit. The judgment of the trial court is affirmed.
Judgment affirmed.
WILLIAM M. O'NEILL and CYNTHIA WESTCOTT RICE, JJ., concur.
[1] As an aside, we note that the parties' execution of a mortgage deed in conjunction with the land contract was not necessary for proper notice. Under R.C. 5301.25(A) and 317.08(B)(2) a land contract must be filed and recorded with the county recorder. The recording of the land contract serves to place future creditors or bona fide purchasers on notice. Thames v. Asia's Janitorial Serv., Inc. (1992), 81 Ohio App.3d 579,586. Usually, a mortgage deed is conveyed once title has passed. Gattsv. E.G.T.G., GBMH (1983), 14 Ohio App.3d 243, 246. Because the recorded land contract satisfied notice requirements, and title of the property had not passed to appellants, the mortgage deed was not needed.
[2] Roger Schindler attested to the authenticity and accuracy of the loan history in his affidavit.
[3] As noted previously, appellee claimed that it was entitled to $65,834.10. The final sum of $65,834.10 included various monthly payments that appellants had allegedly failed to pay. These missing monthly payments are demonstrated via the loan history submitted with appellee's motion for summary judgment and attested to by Roger Schindler.