[Cite as *HSBC Bank USA, N.A. v. Bonner*, 2025-Ohio-2228.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

HSBC BANK USA, N.A.,                    :

     Plaintiff-Appellee,              :

                                      No. 114612

     v.                                 :

RAY BONNER,                             :

     Defendant-Appellant.            :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 26, 2025

---

Civil Appeal from the Bedford Municipal Court
Case No. CVG-24-03701

---

### *Appearances:*

Reisenfeld & Associates, LLC, and William Purtell, *for appellee.*

Ray Bonner, *pro se.*

ANITA LASTER MAYS, J.:

{¶ 1} Pro se defendant-appellant Ray Bonner ("Bonner") appeals the trial court's judgment in this forcible entry and detainer action and the grant of a writ of restitution of the premises in favor of owner/plaintiff-appellee HSBC Bank USA,

N.A. ("HSBC") issued by the Bedford Municipal Court. We affirm the trial court's judgment.

## I.  Background and Facts

{¶ 2}  In 2015, mortgagee HSBC initiated a foreclosure action against mortgagor Anderson Banks ("Banks") in the Cuyahoga County Court of Common Pleas for defaulting on a modified mortgage loan for residential property governed by a Home Affordable Modification Program ("HAMP") agreement.  *HSBC Bank USA, N.A. v. Banks*, Cuyahoga C.P. No. CV-15-856169, filed December 12, 2015 ("*HSBC I*").  The other named defendants were Banks's unknown spouse, if any, and CIT Bank.

{¶ 3}  On January 31, 2017, the trial court issued a final decree of foreclosure that was not appealed.  The confirmation of sale decree was issued on February 1, 2022, and the case was timely appealed to this court in *HSBC Bank USA, N.A. v. Banks*, 2022-Ohio-3044 (8th Dist.) ("*HSBC II*").[1]

{¶ 4}  In *HSBC II*, Banks contended that

(1) despite him providing a "complete loss mitigation request via email on September 15, 2021," the trial court granted appellee's motion for default judgment "without a notice, warning or hearing"; (2) appellee failed to abide by the regulations set forth in 12 C.F.R. 1024.41 [governing loss mitigation procedures]; (3) appellee was barred under the doctrine of promissory estoppel from executing the sheriff's sale and confirming same; (4) appellee had unclean hands in this case; (5) appellant "was not given proper and reasonable opportunity to object to the appraisal"; and (6) the appraisal was not conducted according to law.

---

[1] A portion of the facts has been extracted from *HSBC II* for purposes of judicial economy.

*Id.* at ¶ 6.

{¶ 5} This court stated Banks's failure to appeal from the foreclosure judgment waived issues relative to the foreclosure decree but afforded brief consideration to the claims. The errors were found to be without merit, and the trial court's judgment was affirmed.

{¶ 6} In the instant forcible detainer action, on April 5, 2024, HSBC served Bonner with a 90-day notice to leave premises pursuant to R.C. 1923.04 due to expiration of tenancy as of August 9, 2024. On August 26, 2024, HSBC filed for possession of the property against Bonner as a holdover tenant of prior owner Anderson Banks ("Banks") in the Bedford Municipal Court.

{¶ 7} Bonner contended, and maintains on appeal, that he is the assignee of a confidential settlement agreement between former owner Banks and HSBC to purchase the Property from HSBC for $280,000 but that HSBC breached the agreement by adding terms after the agreement was final. A review of the agreement reveals references to the *HSBC I* foreclosure case and the appeal after confirmation of the sale in *HSBC II*. The stated sum was due to be paid on or before 3:00 p.m. on July 15, 2022. Upon payment, the appeal in *HSBC II* would be dismissed without prejudice and the parties would seek to dismiss the judgment of foreclosure and confirmation of sale.

{¶ 8} The agreement contains a signature line for "Borrower: Anderson Banks," a line for the date, and a signature line for approval by counsel for the

borrower. The next page contains similar information for HSBC and its counsel. None of the items are executed by the parties.

{¶ 9} Following the signature pages are two pages entitled "Assignment of Contract" that contain a printed effective date of May 26, 2022, by and between Banks as assignor and Bonner as assignee. The signature lines were purportedly signed by Banks and Bonner, and each is accompanied by the printed date of "May 26, 2022." The font and margins of the assignment pages differ from those of the settlement agreement and lack the footer that appears on the settlement agreement pages that list the document title and page numbers: "Page 1 of 9" through "Page 9 of 9."

{¶ 10} The trial court granted possession of the property to HSBC.

> This cause came on for hearing on September 27, 2024, before the Judge, upon the complaint and evidence, the defendant(s) being in default of an answer or other pleadings, although duly served with process and advised of trial date according to law and appearing in Court to defend the claim. The Judge, being fully advised in the premises, finds that the plaintiff(s) is entitled to immediate possession of the premises described in the complaint.

Bedford Mun. Ct., Journal Entry (Sept. 27, 2024), Journal Book/ p. 656-470.

{¶ 11} Bonner appeals. The trial court initially denied Bonner's motion to stay execution of the writ of restitution pending appeal, but on November 5, 2024, Bonner was granted a stay upon posting a bond with the trial court.

## II. Assignments of Error

{¶ 12} Bonner initially assigned two errors on appeal; however, the second assignment of error regarding the trial court's failure to grant a stay pending appeal is now moot. The sole remaining error is:

> The trial court erred in granting an eviction judgment in favor of plaintiff-appellee despite defendant-appellant's valid contract claim, demonstrating a strong likelihood of success on the merits.

## III. Discussion

### A. Standard of Review

{¶ 13} R.C. Chapter 1923 governs forcible entry and detainer actions. A forcible entry and detainer action "is a civil remedy provided by statute and intended to affect only the question of the present right to possess real property." *Cuyahoga Metro. Hous. Auth. v. Jackson*, 67 Ohio St.2d 129, 131, (1981). "'The purpose of the forcible entry and detainer statutes is to provide a summary, extraordinary, and speedy method for the recovery of possession of real estate in the cases especially enumerated by statute.'" *Id.*, quoting 24 Ohio Jurisprudence 2d 455, Forcible Entry and Detainer, Section 2.

{¶ 14} The trial court held a hearing on the right to possession of the property. "'[O]n appeal from a bench trial[,] we review the trial court's factual findings under the manifest weight standard of review, while the trial court's legal findings are reviewed de novo.'" *Sood v. Rivers*, 2024-Ohio-3064, ¶ 27 (11th Dist.), quoting *Ultimate Salon & Spa, Inc. v. Legends Constr. Grp.*, 2019-Ohio-2506, ¶ 30 (11th Dist.). "'Accordingly, following a bench trial, a reviewing court will generally

uphold a trial court's judgment as long as the manifest weight of the evidence supports it — that is, as long as "some" competent and credible evidence supports it.'" *Patel v. Strategic Group, L.L.C.*, 2020-Ohio-4990, ¶ 20 (8th Dist.), quoting *MRI Software, L.L.C. v. W. Oaks Mall FL, L.L.C.*, 2018-Ohio-2190, ¶ 12 (8th Dist.), citing *Hamilton v. Ball*, 2014-Ohio-1118, ¶ 15 (4th Dist.). "The reviewing court views the trial court's credibility determinations with due deference." *Patel* at ¶ 20, citing *MRI Software* at ¶ 12.

### B. Analysis

{¶ 15} Bonner contends the trial court failed to consider Bonner's evidence supporting his claim of entitlement to enforce the settlement agreement rendering the eviction contrary to law. We disagree and affirm the trial court's judgment.

{¶ 16} Settlement agreements are contractual in nature, and as such, basic principles of contract law apply. *Rulli v. Fan Co.*, 1997-Ohio-380. "[A] valid settlement agreement is a contract between parties, requiring a meeting of the minds as well as an offer and an acceptance thereof." *Id.* at 376, citing *Noroski v. Fallet*, 2 Ohio St.3d 77, 79 (1982). Additionally, "the terms of the settlement agreement must be reasonably certain and clear." *Id.*

{¶ 17} HSBC counters that Bonner failed to prove that he has a valid contract that is enforceable against HSBC, that HSBC has no relationship with Bonner, and that the only settlement agreement provided by Bonner as evidence in the case is unexecuted, undated, and contains a payment deadline of June 15, 2022. HSBC

adds that the settlement agreement does not require that HSBC assist assignor Banks or assignee Bonner with raising funds for the payment as Bonner contends.

{¶ 18} Bonner provides several references to what appears to be page numbers of the hearing transcript before the trial court but did not submit a transcript pursuant to App.R. 9(A) nor did he include quotes, summaries, or explanations to support his position. Without the filing of a transcript, an appellate court presumes regularity in the proceedings and accepts the factual findings of the trial court as true. *Bailey v. Bailey*, 2012-Ohio-5073, ¶ 8 (8th Dist.), citing *Snider v. Ohio Dept. of Rehab. & Corr.*, 2012-Ohio-1665, ¶ 8 (10th Dist.). Our review is limited to the legal conclusions of the trial court. *Id.*

{¶ 19} This court also observes that an appellate court is required by App.R. 12(B) to decide an appeal "on its merits on the assignments of error set forth in the briefs under App.R. 16." It is incumbent upon the appellant to include in their briefs "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(3) and (7). This court finds the requisite arguments, supporting cases, and evidentiary references to be lacking in this case.

{¶ 20} Appellate courts will not address underdeveloped arguments because "'"[i]t is not this Court's job to search the record in an effort to ferret out the basis for Appellant's claims."'" *State v. Franco*, 2023-Ohio-4653, ¶ 37 (8th Dist.), quoting *Halliday v. Halliday*, 2010-Ohio-2597, ¶ 17 (8th Dist.), quoting *State v. Lewis*,

2002-Ohio-5025, ¶ 79 (7th Dist.). For this reason alone, this court could summarily overrule the assignment of error.

{¶ 21} In the interest of justice, this court states that based on the record before it, the trial court's judgment that Bonner has failed to prove, by competent, credible evidence, the existence of a colorable claim to possession of the Property under the settlement agreement is not against the manifest weight of the evidence. The proffered agreement is unexecuted, undated, and lacks consideration. There is no evidence that a valid contract exists between HSBC and Bonner.

{¶ 22} The sole remaining assignment of error is overruled.

## IV. Conclusion

{¶ 23} The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EMANUELLA D. GROVES, P.J., and
DEENA R. CALABRESE, J., CONCUR